SMITH *v.* WILSON.

No 8240.   JULY 18, 1931.

*A. F. Lee* and *Thomas E. Scott,* for plaintiff in error.

*A. T. Walden,* contra.

HINES, J. (After stating the foregoing facts.)

■ The wife of the administrator of the testatrix insists that petitioner has forfeited her life-interest in the premises in dispute, by reason of her failure to keep the same in repair and to pay the taxes thereon. This contention is based upon certain provisions of the will of the testatrix, which are set out in full in the statement of facts. By item 2 of her will testatrix bequeathed and devised to her nephew, Claude Smith, all her property, both real and personal, it being, however, her will and desire that her son, Daniel, and his wife, Elvira, should have the right to live in her home, known as 35 Granger Street, for and during their natural lives, and it likewise being her will that her said nephew, to whom she had bequeathed and devised the fee in her property, should have the right also to live in her home. Both her son and his wife and her nephew were to have the right and privilege of using the furniture and household effects of the testatrix. Clearly under this item her son and his wife had the right to the joint use and occupancy of her home, with her nephew, with the right of the son and his wife and her nephew to use her furniture and her household effects.

By the third item the testatrix provided that the expenses of keeping the property in good repair should be borne by her son and his wife and her nephew, provided they all resided in her home. Properly construed, the son and his wife should pay one half of these expenses, and the nephew should pay the other half, if they all lived in the home of testatrix. On the contrary, if

only her son and his wife resided in the home of the testatrix, then they were to keep the same in good repair and pay taxes and other charges against it. According to the facts developed on the hearing, the son and his wife alone resided in the home of the testatrix. This being so, they were required to keep the property in repair and to pay all taxes and charges against it. The evidence discloses that there were two houses on the lot known as 35 Granger Street, in one of which the testatrix resided as her home. Did the right of use and occupancy given to the son and his wife, under the will, extend to the use and occupancy of both the house where she lived and the other house on the lot known as 35 Granger Street? Fairly construed, we think that the right of the son and his wife under this item of the will included the use and enjoyment of both houses on the lot known as the home of the testatrix. This is clearly inferable from other provisions of the will. In item three the expenses of keeping the property of the testatrix in good repair are to be borne equally by her son and his wife and by her nephew. These expenses are not confined to merely keeping in repair the house on the lot in which the testatrix lived. By item four of the will it is provided that if the son and his wife should refuse to pay their part of the upkeep of the property of the testatrix, they shall forfeit their life-interest therein and vacate the same at once. Here the reference is to the property of the testatrix. By the fifth item the testatrix declares that she is not willing her property to her son in fee simple, because of his intemperate and prodigal habits, it being her earnest desire to provide him and his wife with a home for their lives. Here the clear intimation is that she would have given all her property to her son if he had not been intemperate and prodigal; and that her scheme of conveying her property to her nephew in fee simple, giving to her son and his wife only a life-estate therein, was to secure to her son and his wife a home during their lives. It follows from this construction of the will that the son and his wife were entitled to the profits which accrued from both houses on this lot. It is alleged in the petition and it is developed by the evidence that the administrator of the testatrix interfered with the rental by the son and his wife of rooms in the house in which they lived, and thus deprived them of profits which they would have received therefrom. It further appears that the administrator has received all the

rents and profits from the other house located on this lot, and has never made any accounting therefor. Thus the son and his wife were deprived of the means of keeping the property in repair, and of paying the taxes thereon.

In these circumstances we can not hold that the son and his wife forfeited their life-estate in this property by failure to pay the taxes and upkeep thereof. It was clearly in the contemplation of the testatrix that they should have these profits for their support and for the purpose of paying these charges against the property. We do not think that the failure of the son and his wife to pay the taxes and other charges against this property and to keep the same in repair worked a forfeiture of their life-estate, under the facts. Petitioner alleges that she was prevented from doing these things by the conduct and conspiracy of the defendants. Equity abhors forfeitures. Petitioner offers to pay all taxes and expenses of keeping the property in repair, if she is given the rents and profits of the property. If she does these things, a court of equity will relieve her from a forfeiture of her right to the use and occupancy of this property during life. So we are of the opinion that the trial judge properly restrained the proceeding to dispossess the son and his wife, until this matter could be thoroughly threshed out on final trial.

■ Mary A. Smith, further insists that she acquired a good title to this property from the City of Atlanta under a tax sale at which the city purchased it, that this sale resulted from the failure of the son and his wife to pay the taxes which had accrued on this property, and that for this reason the son and his wife have lost the right to the property given them under the will of the testatrix. It was alleged in the petition, and there was evidence introduced upon the hearing to establish the allegation, that the sale of this property for taxation was brought about by a conspiracy between the administrator, the wife of the administrator, and Claude Smith, to whom the fee to this property is devised subject to the life-interest of the son and his wife therein. The gist of this conspiracy was that the administrator would prevent the son and his wife from realizing any profits from this property, and thus disable them from paying the taxes thereon and the expenses of its upkeep; and this end was achieved, first, by the administrator interfering with the rental of rooms in the house where they lived;

and second, by renting out and receiving the rents from the other house on this lot, for which he has never accounted, and which should have been applied towards paying the taxes on this property and the charges of its upkeep. If these allegations are true, then Mary A. Smith did not acquire a title to this property which she can assert against petitioner and her husband. The petitioner offers to do equity by paying to this defendant whatever amount she paid out in the acquisition of this tax title. In this view of the case the trial judge did not err in temporarily enjoining the dispossessory proceeding brought to expel petitioner and her husband from the premises, until this matter can be thoroughly investigated on final trial, and it can be determined whether this defendant acquired the title to this property under such conspiracy. The allegations of the petition set out a cause of action. and the judge did not err in overruling the demurrer.

*Judgment affirmed. All the Justices concur.*