CRISP COUNTY LUMBER COMPANY v. BRIDGES et al.

ATKINSON, Presiding Justice. 1. "The tenant for life shall be entitled to the full use and enjoyment of the property if in such use he exercises the ordinary care of a prudent man for its preservation and protection, and commits no acts tending to the permanent injury of the person entitled in remainder or reversion. For the want of such care and the wilful commission of such acts, he shall forfeit his interest to the remainderman, if he shall elect to claim immediate possession." Code, § 85-604. "Equity seeks always . . to relieve against forfeitures, where the rules of construction will allow." Code, § 37-216.

2. It has been held by this court: "The tenant for life in property is entitled to the possession of the 'corpus' of the property for his own use, subject to a right in the remaindermen to have the property in a state of security, to be forthcoming to them, on the termination of the life-estate." Bowman v. Long, 26 Ga. 142. "Because of this duty to preserve and protect the estate in remainder, the relation of the life-tenant to the remainderman has been held to be, to a certain extent, a fiduciary one and termed an implied or quasi trusteeship." Barmore v. Gilbert, 151 Ga. 260, 262 (106 S. E. 269, 14 A. L. R. 1060).

3. Under application of the foregoing principles, where a lumber company purchases the interest of a life-tenant and takes out storm insurance in its own name on a building on the premises, the owner of the life interest paying the premium with its individual funds, and upon the de-

struction of such building by storm collects the insurance, the proceeds of such insurance stand in the place of the property destroyed, and should be used in rebuilding the dwelling, or should be held by the owner of the life interest for the benefit of the remaindermen upon the life-tenant's death, in which case the owner of the life interest would be entitled to the interest on the fund during such period. See *Clark* v. *Leverett*, 159 *Ga.* 487 (126 S. E. 258, 37 A. L. R. 180).

(a) Accordingly, the petition set forth a cause of action to require application of the fund derived from collection of storm insurance as indicated above.

(b) The petition also set forth a cause of action to compel similar application of the value of the materials salvaged from the wrecked building and converted by the company.

4. As the building was destroyed by act of God unmixed with want of ordinary care by the company for its protection, and not by wilful act of the company, the petition did not on such grounds allege a cause of action for forfeiture of the life-estate.

(a) There was no actual sale for taxes. If sufferance of sale for taxes by the life-tenant would work a forfeiture of the life-estate (see *Smith* v. *Wilson*, 173 *Ga.* 103 (159 S. E. 583); Code, §§ 92-110, 108-110; 21 C. J. 971, § 120), such a case is not presented by this record.

(b) The instant case differs from *Grimm* v. *Grimm*, 153 *Ga.* 655 (113 S. E. 91), where the majority, while recognizing the principles hereinbefore stated, reached a different result based on different facts.

5. The petition having set forth a cause of action for a part of the relief prayed for, the trial judge did not err in refusing to dismiss it on motion in the nature of a general demurrer.

*Judgment affirmed. All the Justices concur, except Bell and Duckworth, JJ., who dissent from the ruling contained in the third headnote.*

No. 12566. JANUARY 14, 1939.

**486**

*W. E. Grubbs* and *J. W. Dennard,* for plaintiff in error.

*R. R. Forrester* and *J. M. Forrester,* contra.

BELL and DUCKWORTH, Justices, dissenting. We are constrained to dissent from the ruling in the third note of the decision in this case. There is nothing to show that the defendant insured more than its life-estate in the property, or that for other reason it is not entitled to retain as its own the sum received on the policy. The decision in *Clark* v. *Leverett,* supra, if sound, is clearly distinguishable. See the dissenting opinion by two Justices in that case, and *Suttles* v. *Vickery,* 179 *Ga.* 751 (177 S. E. 714) ; *Herrington* v. *Herrington,* 40 *Ga. App.* 652 (151 S. E. 114).