## 32432. DURRENCE et al. v. DURRENCE.

UNDERCOFLER, Presiding Justice.

The issue presented in this case is whether a life tenant may cut timber from her estate or whether such an act constitutes waste.

D. L. Durrence died in 1960 and left a life estate in two tracts to his wife, Pearl—the 250 acre "homeplace" and the 434 1/2 acre "flatwoods"—with the remainder to

their children. Segal and Bobby Durrence are two of the sons, and as remaindermen tried to prevent their mother from cutting timber off these tracts. She then filed this suit to enjoin their interference with her life estate. The jury found in her favor and they appeal. We affirm.

In enumerations of error 1, 2, 3 and 4, appellants complain that the trial court improperly charged the jury on the law concerning the rights of the grantee of a life estate. We, however, find no error. The trial court correctly charged that a life tenant could use the property as a judicious, prudent owner of the estate would use it as long as she commits no acts tending to injure the remaindermen permanently (Code Ann. § 85-604); that the property could be used for the same purposes it was used when the life estate was created (*Lee & Bradshaw v. Rogers,* 151 Ga. 838 (108 SE 371) (1921)); that the cutting and thinning of pine timber in accordance with good forestry practices is not waste (*Fort v. Fort,* 223 Ga. 400 (156 SE2d 23) (1967)), unless wilful injury to the remainder was shown by acts not essential to the legitimate use of the life estate (*Smith v. Smith,* 105 Ga. 106 (31 SE 135) (1898)). See generally Pindar, Georgia Real Estate Law, § 7-22.

The evidence included the facts that D. L. Durrence had sold timber off the land and that that was his business, along with farming. Pearl Durrence had also sold timber before and Segal had tried to stop her by court action, which had resulted in a settlement. A state forester had marked trees to be cut according to good forestry practices. Although some of the evidence was in conflict, the jury was authorized to find in favor of Pearl Durrence. Enumerations 1 through 4 thus present no cause for reversal.

The trial court, therefore, did not err in failing to direct a verdict for the appellants as alleged in Enumeration 5. Furthermore, the evidence presented and the verdict authorize Mrs. Durrence to cut timber off her life estate generally as long as it is done in a manner consistent with good forest husbandry practices. Therefore, enumeration of error 6, regarding a directed verdict as to the flatwoods tract, has no merit.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JUNE 17, 1977 — DECIDED SEPTEMBER 7, 1977 — REHEARING DENIED SEPTEMBER 28, 1977.

*Richard D. Phillips, B. Daniel Dubberly,* for appellants.

*M. Francis Stubbs,* for appellee.