## 36568. AURELIO et al v. WILLIAMS.

Bowles, Justice.

Mr. Roy W. Williams died intestate in 1951. At the time of his death he owned 154 acres of land in Morgan County, Georgia. Mr

Williams' widow, their four daughters and one son entered into an agreement regarding the estate which gave Mrs. Williams a life interest in the land with the proviso that she could not sell or dispose of the land or any of the timber or improvements thereon. The agreement further provided that on the death of Mrs. Williams, the land will go to the five children in fee simple.

The four daughters and Mrs. Williams, through her appointed guardian, brought this suit seeking partition of the timber on the land. The trial court found as a fact that approximately five acres of timber were under attack by pine beetles but held that granting partition would overturn the the parties' previous agreement and therefore denied the request. We reverse.

(1) Timber is a proper subject of partition. *Baxter & Co. v. Camp,* 129 Ga. 460 (59 SE 283) (1907).

(2) Mrs. Williams did not forego all her interest in the timber in 1951. Although she waived her right to sell and dispose of it, she retained her rights to possess the timber, to cut trees to repair the estate, to cut firewood for her use, etc. See, Pindar, Ga. Real Est. Law, 2nd Ed. § 7-22. See also, *Durrence v. Durrence,* 239 Ga. 705 (238 SE2d 377) (1977).

(3) A life tenant has a duty to protect and preserve the estate for the remaindermen. See Code Ann. § 85-604. Permitting the destruction of timber by pine beetles could constitute waste. Where timber is subject to hazards from an act of God, equity will permit and authorize a sale to protect and preserve the estates.

It is a question of fact for the court to determine whether it is necessary that all the timber be cut and removed or such lesser amount in keeping with sound forestry practices. The proceeds can be apportioned between the parties as their interests may appear as in any other involuntary conversion situation. See *Crisp County Lumber Co. v. Bridges,* 187 Ga. 484 (3) (200 SE 777) (1939).

*Judgment reversed. All the Justices concur.*

SUBMITTED AUGUST 8, 1980 — DECIDED
SEPTEMBER 24, 1980.

*Philip A. Johnson,* for appellants.
*E. R. Lambert, Allan R. Roffman,* for appellee.