## S. W. Evans v. John H. Cropp, et al,

(Decided January 11, 1911.)

### Appeal from Larue Circuit Court.

1. Schools and School Districts—Land Conveyed for School Purposes—Rights Acquired.—Knott and wife, in 1883, conveyed to the trustees of common school district No. 48, in Larue county, a lot containing one-quarter of an acre for school purposes, reserving in the deed the reversion of the title to the grantors should the property cease to be used for school purposes. Held that the trustees of the district had the right under the deed of 1883 to build on the lot any kind of structure for school purposes and to alter or remove it at pleasure.

2. Same—Subsequent Legislative Enactment—Impairing Obligation of Contract—Validity of Act.—Although Sec. 4437 Ky. Statutes enacted in 1893, required that the fee simple title to all land dedicated for common school purposes shall vest in the trustees, and the title to lands now used as sites for school houses shall at the earliest possible time be perfected by the trustees and county superintendent and that any reversionary interest in any land now used as a site for a school house should not deprive the districts of the school houses or allow improvements therein where the rights of the parties were fixed by deed made in 1883, it was not competent for the Legislature subsequently to enact a statute impairing the obligation of that contract.

O. H. MATHER and JOHN C. FRIEND for appellant.

(No brief for appellee.)

OPINION OF THE COURT BY JUDGE O'REAR—Affirming.

Knott and wife in 1883 conveyed to trustees of common school district No. 48 in Larue county a lot of land containing one-quarter of an acre for school purposes, reserving in the deed the reversion of the title to the grantors should the property cease to be used for common school purposes. Knott and wife conveyed the farm from which the quarter-acre was taken to others, and it has come down by several conveyances to appellant. In each conveyance the reversion in the school lot was also conveyed. July 14, 1909, the board of education of Larue county, in whom had been vested the title to all common school property in that county by general statute, sold the house which had been erected on the lot some twenty-five years ago by the district, to appellees, with authority to remove it, which they did. Appellant brought this suit against appellees for damages for the alleged trespass, claiming that the lot had been abandoned by the school authorities, and no longer used for school purposes. The pleadings show the facts. The circuit court dismissed the petition.

Although section 4437, Kentucky Statutes, enacted first in 1893, required that the fee-simple title to all land dedicated for common school purposes shall vest in the trustees, and that "the title to lands now used as sites for school houses shall at the earliest possible time, be perfected by the trustees and the county superintendent," and that "any reversionary interest in any land now used as a site for a school house shall not deprive the districts of the school houses or any other improvements thereon," that section cannot apply to this case. The rights of the parties were fixed by the deed of 1883, and it was not competent for the Legislature subsequently to enact a statute impairing the obligation of that contract. (Art. 1, Sec. 10, Const. U. S.)

The trustees of the district, and their successors in office and title, had the right under the deed of 1883, to build on the lot any kind of structure for school purposes, and to alter or remove it at pleasure. If they removed it before terminating their title, the reversioner had not a ground of complaint. The lot was used for school purposes so long as the house remained upon it, so far as is disclosed by the record. It was only when the house had been removed, and the board determined not to put another on the lot that it can be said to have been abandoned. Therefore, the removal appears to have been during the existence of the title of the trus-

tees, and was within their competency alone to control. Appellant's right of entry under his title of reversioner, began only after the removal of the house, the time when the lot was abandoned for school purposes.

Judgment affirmed.