## Ritter v. County Board of Education, Edmonson County.

(Decided December 3, 1912.)

### Appeal from Edmonson Circuit Court.

1. Schools and School Districts—Selection of Site for Schoolhouse —Change of Site.—A board of education selected a site for the building of a schoolhouse a few hundred yards away from the

old site, but a few months afterwards, and about the time the work on the house was to begin, by an order changed the site, selecting the old one. Held, there is nothing in the statutes to prevent the board from changing its mind and rescinding the order for the building of the house. The intention which existed for a few months to change the site, did not have the effect of itself to abandon the old site. The house on the old site was still in use and the site was never changed.

2.   Schools and School Districts—Ownership of Property by School Board—Conflict of Acts.—While section 4437a, Ky. Stats., seems in conflict with section 4426a, the latter section provides that the county board of education has the power to purchase, lease or rent school house sites, and it appears that the board had such title as would authorize it to construct the building in controversy.

3.   Schools and School Districts—Selection of Site—Discretion of Board.—The evidence examined and held that it cannot be said that the board of education abused its discretion in its selection of the site of the old house.

LOGAN & HAZELIP for appellant.

GRIDER & LOGAN for appellee.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

This action was brought by appellant, a resident of subdistrict No. 1, of district No. 3, to enjoin the County Board of Education of Edmonson County from erecting a schoolhouse on a certain site which had been selected by the board. On a trial in the lower court the injunction was dissolved and the action dismissed.

It appears that the place where the trustees were having the house erected was called the "old site;" that it was the place where the common school had been maintained in the district for at least sixty years; that it was used as such for at least forty years before the trustees obtained a deed for it. It further appears that appellant's vendor and one of his adjoining neighbors made the deed to the district and inserted therein the following clause:

"Should the lot of ground cease from any cause to be the site for the common school of said district said lot is to revert to its grantors, and the house then standing is to be the property of the district to be removed from said lot."

It appears that from four to six months before the board selected the old site upon which to erect this house, it had selected another site two or three hundred

yards distant from the old site; that it had let the contract to build the house on this site and the contractor had commenced the work.  Appellant claims that by these acts the district abandoned this property and it reverted to the grantors in the deed, or their heirs or assigns, and that he was entitled to most of the lot as his grantor conveyed most of it.  It appears that soon after the contractor began work on the new site, the Board of Education notified him to cease work; that within a few days after giving the notice, the board met in the old schoolhouse and considered the matter with reference to the change of site and adjourned to meet another day; that they did meet again and finally rescinded the order making the change to the new site and selected the old site and directed the building to be erected there.  There is nothing in the statutes to prevent the board from changing its mind and rescinding the order referred to.  It had a perfect right to do so and to select another place for the erection of the schoolhouse. The intention, which existed for a few months, to change the site of the schoolhouse, did not have the effect, of itself, to abandon the old site.  The house on the old site was still in use—school was at that time being taught in it.  The site was never changed.  The intention of changing it was abandoned before the removal was complete.

Appellant contends that the board had no right to erect the schoolhouse upon the old site as it did not have the fee simple title to it, and that his action ought, therefore, to have been sustained for two reasons; first, because the district had abandoned this site; second, because the deed containing the clause above quoted shows that the district had not the fee simple title to the lot.  The firsts reason, as above stated, is without foundation.  As to the second, it is our opinion that the board had such a title as would authorize it to construct the building thereon.  Section 4426a, Kentucky Statutes, says the County Board of Education shall have the power "to purchase, lease or rent school sites, to build, to repair and to rent schoolhouses," &c.

This seems to be conclusive of the board's right to erect the house.  Appellant's contention is that section 4437, Kentucky Statutes, an act of 1893, requires the school board to own the property in fee simple.  It seems that this act is in conflict with the act of 1908 referred to in section 4426a, for this section expressly.

provides that the County Board of Education has power to purchase, lease or rent schoolhouse sites. See also Evans v. Cropp, 141 Ky., 514.

Appellant also contends that the county board abused its discretion in selecting the old site upon which to erect the schoolhouse, as the ground is rough, steep and covered with large rocks; that it is unsanitary because the spring from which the school obtains water is lower than the schoolhouse and is poluted by drainage from the school grounds, and, therefore, injurious to the health of the children attending the school. There was much testimony introduced showing that appellant's contentions are correct, but there was much more introduced showing that his claims were without foundation; that the place selected was better suited than any other near the center of the school district; that it was a nice shady place; that the spring afforded fine water and was within thirty or forty steps of the house; that the drainage from the school grounds entered a branch but none of it flowed into the spring; that the spring is not what is called a "boiling spring," but came from under a large hill back of the schoolhouse; that the new site spoken of was more level than the old site, but had no shade or water nearer than the old site. It is admitted that the old ground is rough, that it has considerable rock scattered over it, which appellant's witnesses said were dangerous to the children, but appellee's witnesses testified that the rock could be removed without much expense. A large majority of the school patrons of the district petitioned the board to erect the house on the old site, and we cannot say that the evidence shows that it abused its sound discretion in doing so.

For these reasons, the judgment of the lower court is affirmed.