SMALLING, administratrix, *et al. v.* POORE *et al.*

No. 8054. JUNE 12, 1931.

*Columbus E. Alexander, H. Mercer Jordan,* and *Hitch, Denmark & Lovett,* for plaintiffs in error.

*J. P. Dukes* and *Sheppard & Dukes,* contra.

GILBERT, J.   This suit in equity, brought by certain persons alleging themselves to be creditors of the estate of A. T. Smalling Sr., deceased, against Mrs. Smalling, administratrix of that estate, and others, including John I. Cox, involves conflicting claims by Cox and the administratrix to an undivided one-half interest in a tract of 10,070 acres of land in Bryan County; the original petitioners having, prior to this appeal taken by the administratrix, directed the dismissal of the suit as to them. The conflicting claims of Cox and the administratrix had been made by their answers and interventions filed in the cause. The judgment complained of on this appeal was entered on August 4, 1930, and directed a sale of the land, subject to confirmation "when disposition of the funds shall be ordered by the court." It did not adjudicate the conflicting claims set up by Cox and the administra-

trix. Since the argument the defendant in error, Cox, has moved to dismiss the writ of error, attaching to that motion a certified copy of an order entered in the cause, to which counsel for all parties consented, providing that the land be sold, that from the proceeds certain payments be made, and that "after the payments heretofore authorized [the proceeds] shall stand in the same position as the land herein described, and its disposition shall be subject to the further and other valid orders and decrees of this court as though the sale of said land had not taken place, and none of the rights of any party to this litigation are to be changed on account of the sale of said land, . . but for the purpose of determining those rights . . said fund derived from the sale shall be and remain in the same status as the land now is."

The question raised by the sole assignment of error as to the judgment ordering the sale of the property involved has become moot by reason of the subsequent agreement of the parties that the property be sold and that the proceeds be paid into court and stand in lieu of the property. Therefore the motion to dismiss the bill of exceptions is sustained. This ruling in no way affects the rights of the parties in the funds paid into court, standing in lieu of the property. *Writ of error dismissed. All the Justices concur.*