NELMS *v.* STEPHENS COUNTY SCHOOL DISTRICT *et al.*

JENKINS, Presiding Justice. 1. When any political subdivision of any county of this State undertakes through its constituted authorities to exercise the power of incurring a bonded indebtedness, or to exercise

the power of taxation, a clear and manifest legal right to do so must appear. *Albany Bottling Co.* v. *Watson*, 103 *Ga.* 503 (30 S. E. 270).

2. Article VII, section VII, paragraph I, of the Constitution of Georgia of 1945 provides in part as follows: "The debt hereafter incurred by any county, municipal corporation, or political division of this State except as in this Constitution provided for, shall never exceed seven per centum of the assessed value of all the taxable property therein." This identical provision was carried over from the Constitution of 1877, which bore the same number as to article, section, and paragraph.

3. Prior to the adoption of the Constitution of 1945 and of House Bill No. 793, local school districts were "political divisions" within the meaning of article VII, section VII, paragraph I of the old Constitution. *Jennings* v. *New Bronwood School District*, 156 *Ga.* 15 (1) (a) (118 S. E. 560); *Ty Ty Consolidated School District* v. *Colquitt Lumber Co.*, 153 *Ga.* 426 (112 S. E. 561).

4. Pursuant to the provisions of article VIII, section V, paragraph I, of the Constitution of 1945, House Bill No. 793 merged all local school districts, except independent school districts, within a county into one school district, thereby substituting such consolidated county school district for the various old local school districts.

(*a*) The provision of article VIII, section V, paragraph I, of the Constitution of 1945, with respect to the authority of counties to establish and maintain public schools in their respective limits is, in effect, the same authority as that which was contained in the old Constitution under the provisions of article VIII, section IV, paragraph I (Code, § 2-6901); and it can not be said that such a provision under the new Constitution any more than the same provision under the old Constitution could operate to take away from the county school district such powers as were exercised by the former local school districts now constituting the new county school district. As to the powers formerly exercised by the local school districts, see Code, §§ 32-1401 and 32-1113.

(*b*) No larger debt is rendered possible by the merger of the local school districts within a county (exclusive of the independent school districts) into one county school district than that which could have existed in a county prior to the merger, when each local school district was authorized to incur bonded indebtedness, separate from that of the county in which it was located, up to 7 per cent of the assessed valuation of the taxable property within its district. Under House Bill No. 793, which merged the local school districts into one county school district, the effect is simply to transfer the basis for the authorized debt from 7 per cent of the assessed valuation of the taxable property located within the separate local school districts, to 7 per cent of the assessed valuation of the taxable property within the consolidated county school district as a whole.

(*c*) The provisions of article VIII, section XII, paragraph I, of the Constitution of 1945, with respect to levying a tax by the fiscal authorities of a county as recommended by the county board of education of not less than five mills nor greater than fifteen mills *for the support and maintenance* of education within the county, are not intended to suffice for all phases of educational expenditures, but are separate from the

power to levy a tax *for the payment of bonded indebtedness* for the erection of school buildings. See *Seaboard Air-Line Ry. Co.* v. *Wright,* 165 *Ga.* 367 (140 S. E. 863), in which this question was decided under the provisions of the old Constitution which correspond to the provision of the new Constitution here dealt with.

5. House Bill No. 793 provides that the election required in order to incur any bonded indebtedness for building, equipping, or purchasing sites for building and equipping schoolhouses shall be called and held in the manner prescribed by Chapter 87-2 of the Code of Georgia of 1933, which chapter provides that the election shall be called by the officers charged with levying taxes, contracting debts, etc., for the county, municipality, or political division; that such election shall be held by the same persons who hold the elections for the officers of the county, municipality, or political divisions; and that the result shall be consolidated and declared by the officers calling the election.

(a) Members of the county board of education are required to make recommendations to the proper fiscal authorities of the county for a tax for the support and maintenance of the school system in the county school district; also to make recommendations for a tax to provide a sinking fund for retirement of such bonded indebtedness as might exist in the separate local school districts absorbed into the county school district under the provisions of House Bill No. 793; and, in view of the clear authority of the county board of education to contract debts for the operation of the school district, Code, §§ 32-921, 32-922, 32-928, it would seem manifest that the county board of education is the proper authority contemplated under the provisions of Chapter 87-2 of the Code to call, manage, consolidate, and declare the result of an election held for the purpose of incurring bonded indebtedness for building and equipping schoolhouses. Especially would this seem to be true in view of the provision of House Bill No. 793, that "The County Board of Education of each county shall succeed to and be vested with all of the rights, powers, and duties formerly vested in the local or consolidated school district trustees with respect to building and equipping schoolhouses in the county;" and in view of the unquestioned authority of local school trustees, prior to the enactment of House Bill No. 793, to call, hold, manage, consolidate, and declare the result of elections to incur bonded indebtedness within the local school district for the purpose of building or equipping schoolhouses. Code, § 32-1401.

6. Under the foregoing rulings, the election to incur an authorized bonded indebtedness for the consolidated county school district was properly called by the Board of Education of the Stephens County School District, and the result was properly declared by it. Since the 7 per cent limit for bonded indebtedness as declared by article VII, section VII, paragraph I of the Constitution of 1945 relates to each "political division," and since the bonded indebtedness thus incurred for the consolidated county school district (embracing the entire county except the independent school districts) does not exceed 7 per cent of the assessed valuation of the taxable property located therein, and since such county school district is a separate "political division" from the county itself —the fact that the county school district's proportion of the county

bonds for general county purposes, plus the consolidated school district bonds when added together, exceeds 7 per cent of the total assessed value of the taxable property located within the school district, does not violate the provisions of article VII, section VII, paragraph I of the Constitution of 1945. *Judgment affirmed. All the Justices concur.*

No. 15558. SEPTEMBER 6, 1946.

*George L. Goode,* for plaintiff in error.

*G. Fred Kelley, Solicitor-General, Owen & Gross, Spalding, Sibley, & Troutman, Sumter M. Kelley,* and *James A. Branch Jr.,* contra.