PINION *et al.* *v.* WALKER COUNTY SCHOOL DISTRICT *et al.*

No. 16008.   November 14, 1947.

*James Maddox,* for plaintiffs.

*E. J. Clower, Solicitor-General, Shaw & Shaw, Spalding, Sibley, Troutman & Kelley, James A. Branch Jr.* and *Sumter Kelley,* for defendants.

*Stapleton & Stapleton,* as amici curiæ.

JENKINS, Chief Justice. (After stating the foregoing facts.) It is provided by art. VII, sec. VII, par. I of the Constitution of Georgia (Code, Ann. Supp., § 2-6001) in part as follows: "The debt hereafter incurred by any county, municipal corporation, or political division of this State except as in this Constitution provided for, shall never exceed seven per centum of the assessed value of all the taxable property therein." While the Constitution does not specifically say so, yet the frequently applied construction of this provision is that each separate political division of the State which has authority to issue bonds is authorized to incur an indebtedness up to 7 percent of the assessed valuation of its taxable property independently of any existing indebtedness of another distinct and separate municipality or other political body whose territory might be coextensive in whole or in part with that of its own. Under this construction of the Constitution, there are previous decisions of this court recognizing the validity of city bonds, being issued by a separate political division of the State, although located within the limits of a county having issued bonds of its own, where the aggregate would exceed the limit of 7 percent of the assessed property of the municipality thus bonded. There are also decisions recognizing former local school districts as separate political divisions of the State, such as were entitled to incur a bonded indebtedness independently of county bonded obligations. *Jennings* v. *New Bronwood School Dist.,* 156 *Ga.* 15 (118 S. E. 560); *Ty Ty Consolidated School Dist.* v. *Colquitt Lumber Co.,* 153 *Ga.* 426 (112 S. E. 561). It necessarily followed that, upon the merger

by the General Assembly of such local school districts, in harmony with the provisions of the Constitution of 1945 (art. VIII, sec. V, par. I) into county-wide school districts, the new county-wide district would likewise constitute a separate political entity and could do as a unit that which its previous component parts could have done separately, and could therefore incur a bonded indebtedness independently of any indebtedness for general authorized county purposes, and this court has so held in *Nelms* v. *Stephens County School District*, 201 *Ga.* 274 (39 S. E. 2d, 651). The only question raised in the *Nelms* case was whether the existence of county bonds for general county purposes such as for building a courthouse would prevent the issuance of county-wide consolidated school district bonds, where the two together exceeded 7 percent of the assessed valuation of the property to be taxed. The *Nelms* case simply applied the previous decisions as to the authority of former local school districts to incur a bonded indebtedness as a separate political division of the State, by holding that the consolidated district could do as a unit what the separate entities could have done separately. The question now raised—as to the effect of previous bond issues by local school districts, as affecting the power of the consolidated school district to issue bonds where the aggregate did not amount to more than 7 percent of the assessed valuation of the taxable property in the consolidated district, but was more than 7 percent of the value of the property of such previously bonded district, when its proportionate part of the consolidated issue is considered—was not involved in the *Nelms* case. These questions are, however, made by the present record. In determining whether the proposed bond issue of the consolidated school district will exceed the constitutional limitation, and in determining whether account must be taken of the outstanding bonded indebtedness of its former local school districts, the contention of the plaintiffs in error that such must be done would seem stronger had the Constitution provided, or had the legislature been able to provide (see *Hines* v. *Etheridge*, 173 *Ga.* 870, 880 (162 S. E. 113), and cases cited) and had it actually provided that the consolidated school district should assume the payment of the local school district issues. (But see the case just cited on this question.) However, the fact is that the General

Assembly has specifically declared that, "In any local or consolidated school district in any county where there is an outstanding bonded indebtedness created for the purpose of building schoolhouses or equipping schoolhouses . . the county board of education also shall annually, within the time required by law, or the terms of said bond issue, recommend to the fiscal authorities of the county, the levy upon the property subject to taxation *in the district originally voting said bonds,* such tax as may be necessary to provide a sinking fund for the retirement of said bonds and for paying the principal thereof and the interest thereon, in accordance with the terms under which said bonds were issued; this to be in addition to the general tax for the maintenance of the schools of said districts." (Italics ours.) Ga. L. 1946, p. 214.

The real and controlling question therefore is whether or not there is any language in the 7 percent debt-limitation provision of the Constitution which would require a separate and distinct political division of the State, created by the merger of other political divisions, to take into account any outstanding indebtedness of such former political divisions in computing the amount of indebtedness which it is authorized under the Constitution to incur. The Constitution merely provides that "The debt hereafter incurred by any county, municipal corporation or political division of this State . . shall never exceed seven per centum of the assessed value of all the taxable property therein." The language seems unambiguous. There is nothing to indicate that any political division, which is authorized to issue bonds, is prohibited from incurring for itself a bonded indebtedness so long as it does not exceed 7 percent of the assessed value of the property within the political division issuing the bonds. Nor does there seem to be anything which would prevent the previous decisions of this court, recognizing the right of cities and local school districts, as separate political divisions, to incur independent bonded indebtedness, from being given effect here. And since it is not contended that Walker County School District incurred the bonded indebtedness of its former local school districts, and certainly in the absence of specific legal statutory or a constitutional provision which would require the new county-wide school district to assume the payment of any outstanding bonded

indebtedness of its former local school districts, it follows that Walker County School District is not required to take into account any indebtedness of its former local school districts in computing the amount of indebtedness which it is authorized to incur; and as an independent political entity, it may incur indebtedness independently of and in addition to that outstanding in its former local school districts. Since, under the stipulated facts of this case, it is agreed that the proposed bond issue by Walker County School District in the amount of $550,000, independently of the outstanding bonded indebtedness of its former local school districts, does not exceed 7 percent of the assessed value of its taxable property, such bonded indebtedness is not prohibited by the Constitution, and the trial court did not err in entering an order validating said bonds.

*Judgment affirmed. All the Justices concur, except Wyatt, J., who took no part in the consideration or decision of this case.*