BOARD OF EDUCATION OF PAULDING COUNTY *et al. v.* GRAY, trustee, *et al.*

No. 16164.   APRIL 16, 1948.

584

*C. B. McGarity* and *Hutchens & Foster,* for plaintiffs in error.
*Boykin & Boykin, Robert D. Tisinger* and *W. L. Denton,* contra.

CANDLER, Justice. (After stating the foregoing facts.) ■ The court properly overruled the general demurrer. It has long been settled law in this State that a petition can not be dismissed on general demurrer if the plaintiff is entitled to recover anything for which he prays. *Liberty Lumber Co.* v. *Silas,* 181 *Ga.* 774 (184 S. E. 286); *Charles* v. *Sterling Security & Brokerage Co.,* 182 *Ga.* 480 (185 S. E. 807); *Wrenn* v. *Montgomery,* 186 Ga. 618 (198 S. E. 709); *Crisp County Lumber Co.* v. *Bridges,* 187 *Ga.* 484 (5) (200 S. E. 777, 126 A. L. R. 333); *Lyles* v. *Watson,* 189 *Ga.* 768 (1) (7 S. E. 2d, 909); *Day* v. *Parham,* 192 *Ga.* 484 (4)

(15 S. E. 2d, 714). The allegations of the petition in the instant case, admitted as they are by the demurrer to be true, are sufficient to show that the plaintiffs are entitled to some of the relief prayed.

■ In *Wheeler* v. *Board of Trustees of Fargo School District,* 200 *Ga.* 323 (37 S. E. 2d, 322), this court held that the right of a local school district to sell an issue of bonds which had been voted, validated, and issued for the purpose of building and equipping a schoolhouse in that district, was not destroyed or impaired by the subsequently adopted Constitution of 1945 or by an act of the General Assembly approved February 1, 1946 (Ga. L. 1946, p. 206). By the act of 1946, all local school districts in the several counties of this State, except independent school districts, were merged into one school district for each county, thereby substituting such consolidated county school district for the various old local school districts. *Nelms* v. *Stephens County School District,* 201 *Ga.* 274 (39 S. E. 2d, 651). Section 20 of the act of 1946 provides: "The county board of education of each county shall succeed to and be vested with all of the rights, powers and duties formerly vested in the local or consolidated school district trustees with respect to the building and equipping of schoolhouses in the county, preparing tax digests and furnishing same to the tax collector of the county in the manner formerly provided by section 32-1113 of the Code of 1933." By other provisions of the act the trustees or their treasurer of the abolished local school districts are required to turn over to the county board of education of their respective county within thirty days from the effective date of the act (February 1, 1946) all books, records, vouchers, school funds, and other school property held by them. Section 21 of the act provides: "In any local or consolidated school district in any county where there is an outstanding bonded indebtedness created for the purpose of building schoolhouses, or equipping schoolhouses, the county board of education shall, upon the effective date of this act, become the trustee of all funds which shall have been or may be collected from taxes or received from other sources, for the purpose of retiring the principal and interest on said bonds, or for creating a sinking fund for said purpose. The county board of

education is charged with the duty of disbursing said funds to the bondholders in accordance with the terms under which the bonds were issued, and the duty of constructing any buildings, acquiring any building sites, or any equipment for which the bonds were issued." No attack is here made upon the constitutionality of the statute which gave to the board of education the right to take over for the purpose of administration the funds in question, and consequently we hold that the petition failed to state any cause of action in the plaintiffs for the recovery of the funds in question for the use of the local school district which had voted the bonds; but as it appears from our statement of facts, the county board of education received from the trustees of the abolished school district in question the entire proceeds derived from a sale of the bonds which had been voted, validated, issued, and sold for the specific purpose of building, repairing, and equipping a schoolhouse in that area of Paulding County embraced within the limits of Camp Ground Consolidated School District. It is elementary, of course, that the trustees of the district, had it not been abolished, could not have lawfully used these funds for any other purpose. Neither the Constitution of 1945 nor any statute passed pursuant thereto purports to give the board of education, after receiving such funds, any right or authority to expend them for any purpose other than that for which they were voted. On the contrary, the plain provisions of the act under which the board has authority to take possession of these trust funds require it to expend them *only* for the purpose for which the bonds were voted. The allegations of the petition were sufficient to show that the board had refused to use the funds in question for the only purpose for which they could be legally expended and were attempting to use them for another purpose. Therefore it follows that the allegations of the petition were sufficient to state a cause of action for rescission of the board's action in attempting to pay off and retire the issue of bonds in question.

*Judgment affirmed. All the Justices concur, except Wyatt, J., who dissents, and Head, J., disqualified.*