## Cole et al. v. Shockley.

February 4, 1949.

**314**

N. Goebel Goad for appellants.

Noel F. Harper for appellee.

OPINION OF THE COURT BY CLAY, COMMISSIONER—Reversing.

This action was brought by appellee against the Allen County Board of Education to have his title quieted to a plot of ground and the buildings thereon, and to enjoin the Board from removing the school house and other improvements. Appellants' general demurrer to the petition was overruled, and a final judgment entered for appellee.

In 1918 one Swindle conveyed a 100 acre farm to appellee. The grantor had prior thereto, in 1914, conveyed approximately 3½ acres of this farm to the trustees of the Red Hill School district in Allen County. This earlier deed provided: "Both described Tracts contain 3½ acres more or less and the said lands when not used as Public School Purposes shall fall back to the Successors or land from which this deed is made."

It is alleged that the Red Hill School district has been consolidated with other districts, and the property conveyed has been abandoned and is no longer used for school purposes. Appellee claims that this lot, with all buildings and improvements, has reverted to him.

When this property was conveyed to the local school district, there was in effect Section 4437, Carroll's Kentucky Statutes, 1894, which provided: "Any reversionary interest in any land now used as a site for a schoolhouse shall not deprive the districts of the school-house or other improvements thereon."

When this property was conveyed to appellee in 1918, a similar statute was in effect, the original having been amended by the substitution of the words "county

boards" for "districts". Substantialy the same law still exists, and now appears as KRS 162.010.

It is almost impossible to misconstrue the language of this statute. While lands may revert to heirs or grantees of the original grantor, the title to buildings and other improvements remains in the Commonwealth for the benefit of the proper school district authorities.

Appellee's contention seems to be that the buildings on the lot were owned by the old Red Hill School district and the Allen County Board of Education could not have acquired title thereto.

Section 4469, Carroll's Kentucky Statutes, 1930, provided that when a graded common school district was abolished, all property belonging to it should pass to the county board of education in the county in which the district was located. KRS 162.010 vests the title to all property owned by a school district in the Commonwealth for the benefit of the district board of education. This is the same statute that provides a reversionary interest in land used for school purposes shall not deprive boards of education of buildings or other improvements thereon.

Though the title to this property is technically in the Commonwealth, it is held for the benefit of the district represented by the appellant Board. The school house and improvements have not reverted to appellee, and the Chancellor erroneously adjudged him the owner thereof. See Breathitt County Board of Education v. Back, 214 Ky. 284, 283 S.W. 99, and Board of Education of Taylor County v. Board of Education of City of Campbellsville et al., 292 Ky. 261 166 S.W.2d 295.

The judgment is reversed for proceedings consistent herewith.