19715.   BAILEY *v.* COUNTY BOARD OF EDUCATION OF ELBERT COUNTY.

Argued May 15, 1957—Decided June 10, 1957.

*J. T. Sisk*, for plaintiff in error.

*Lavender & Griffith, Jack T. Griffith, Payne & Heard, Woodrow W. Lavender, Robert M. Heard*, contra.

WYATT, Presiding Justice. The plaintiff in error makes numerous contentions. We consider, however, the controlling question to be whether or not the election held as alleged in the petition had the effect, as a matter of law, of vesting title to the property in question in the County Board of Education of Elbert County. If so, the question of what consideration was expressed in the deed could have no effect, for the reason, if the election did have this effect, no deed was as a matter of law necessary.

This court in *Board of Education of Paulding County* v. *Gray,* 203 *Ga.* 583 (47 S. E. 2d 508) said: "By the act of 1946, all local school districts in the several counties of this State, except independent school districts, were merged into one school district for each county, thereby substituting such consolidated county school district for the various old local school districts. *Nelms* v. *Stephens County School District,* 201 *Ga.* 274 (39 S. E. 2d 651). Section 20 of the act of 1946 provides: 'The county board of education of each county shall succeed to and be vested with all of the rights, powers and duties formerly vested in the local or consolidated school district trustees with respect to the building and equipping of schoolhouses in the county.' " Code (Ann.) § 32-909 in express terms gives to the county boards of education

complete ownership of county school property with the right to buy and sell same.

This court in *Board of Education of Fulton County* v. *Board of Education of College Park,* 147 *Ga.* 776, 779 (95 S. E. 684) said: "Where a municipality is authorized by the General Assembly to create a public-school system coextensive with its corporate limits, a part or all of which territory has theretofore been included within the system of public schools operated by the county, forming a portion of a school district, the municipality succeeds to the control of educational matters and to the title to the real estate held as public-school property within its territory, holding such title, of course, as a statutory trustee or public agent." We see no reason why the above ruling is not controlling in the instant case. The factual situation is the same except there the municipality succeeded to the title to the property and here it is contended that the county succeeds to the title. The only argument presented as to why this case is not controlling is that here the property was owned before the election by an independent school system, and in the above cited case the property was owned by a school district. We see no reason why this should or does make any difference. In both situations, the school authorities owned the property "as a statutory trustee or public agent."

2. It is contended that the conveyances should be declared null and void because the deed conveys property that was not school property. The plaintiff in error attaches to his petition the deed in question, being the only deed of any kind in the record, in which the property claimed to be other than school property is expressly described as school property, even to the extent of naming the particular school using the property. Construing the plaintiff's petition most strongly against him, as we must do, there is no merit in this contention.

3. It is next contended that the independent school system of education was and is a constitutional school system and can not be abolished without amending the Constitution. The constitutional provision upon which the contention is based is Art. 8, Sec. 7 of the Constitution of 1945 (Code, Ann., § 2-7001) which reads as follows: "Authority is hereby granted to munici-

pal corporations to maintain existing independent school systems, and support the same as authorized by special or general law, and such existing systems may add thereto colleges. No independent school system shall hereafter be established." The statutory provisions for the consolidation of independent school systems with county school systems were in existence when this provision of the Constitution was adopted, and were in no way affected or changed by this provision. This provision of the Constitution was clearly intended to do only one thing in so far as independent school systems were concerned, and that was to prohibit the creation of independent systems after the adoption of the Constitution, and to preserve those in existence until consolidated or merged as provided by law.

Applying the above principles of law to the allegations contained in the petition in the instant case, it was not error to sustain the general demurrer and dismiss the petition.

*Judgment affirmed. All the Justices concur.*