21500.   INGRAM v. DOSS *et al.*

SUBMITTED JANUARY 9, 1962—DECIDED FEBRUARY 8, 1962—
REHEARING DENIED FEBRUARY 20, 1962.

*Robert R. Forrester, Hugh Wright,* for plaintiff in error.
*Maxwell A. Hines, Bob Reinhardt,* contra.

HEAD, Presiding Justice.   A. W. Ingram brought an eject-ment action in fictitious form against W. D. Doss and others, individually, and as members of the Board of Education of Tift County, and Guy Taylor, individually, and as Superintend-ent of Schools of Tift County.   The property sought to be re-covered was conveyed on June 28, 1928, by J. S. Taylor, R. S. Short, and Mrs. Mary Short to named trustees of the Excellrior (Excelsior?) Consolidated School District of Tift County, and their successors in office.   This deed provided in the habendum clause as follows: "To have and to hold the said bargained premises, together with all and singular the rights, members and appurtenances thereof to the same being, belonging or in anywise appertaining to the only proper use, benefit or behoof of said parties of the second part as Trustees of the Excellsior Consolidated School District and their successors in office forever and so long as the premises above described are used for school purposes by the grantees and their successors herein named. (It is the intention of the grantors herein named, that in making this gift to the said Excellsior Consolidated School District Trustees therein named that it is intended to be used by said school district for school purposes in the education of the white children of said school district and should at any time cease to

646

be so used it is to revert to the grantors herein, their heirs, executors and administrators.)"

It was stipulated by the parties that the defendants by operation of law have acquired the property rights conveyed under the deed to the trustees of the school district; that on January 2, 1948, J. S. Taylor, a successor in title to the grantors in the deed to the trustees, executed and delivered a deed to the plaintiff; and that the description in this latter deed includes the lands described in the deed to the trustees.

The jury found in favor of the defendants, and the plaintiff in his bill of exceptions has assigned error on the denial of his motion for new trial, as amended, and his motion for judgment notwithstanding the verdict.

The property in dispute has on it a schoolhouse, a lunchroom, and a building used as a residence by teachers. The ejectment action was filed on September 28, 1960. It appears from the evidence that no classes were held in the school building from the fall term, 1957, through the spring term, 1960. Classes were resumed in the building in September, 1960, after another school building in the county had been condemned. In the summer of 1957 the desks and most of the equipment were removed from the school building. Some tables and chairs were left in the building, and remained there until the time of the trial. During the summer of 1957 the school building was used for the storage of used desks and new furniture to be used in other school buildings. In the early part of 1957 the Tift County Board of Education had a new roof placed on the school building. Minor repairs were made on the buildings between that time and the summer of 1960, when major repairs were made to place the school building in condition to be used for classroom purposes. The house on the property was occupied by a Mr. Johnson, a teacher in the schools of the county, from 1957 to September, 1960. He was allowed the use of this house by the board of education as a supplement to his salary. For a period from October 2, 1958, to August 1, 1959, Mr. Johnson paid rent to the plaintiff.

■ In *Board of Ed. of Appling County v. Hunter*, 190 Ga. 767 (1) (10 SE2d 749), it was held: "Under the language of the

deed conveying to a county board of education land for 'school purposes' with a reversionary clause as to the title if the land ceased to be used for 'educational purposes,' the mere facts that the board built another larger school near by, and had permitted a teacher to live in the schoolhouse on the land in question, would not cause a reverter." See also *Fleishel & Kimsey v. Hightower*, 62 Ga. 324.

It is the rule in this State that a clear showing must be made of abandonment of publicly owned property by public officials before giving effect to a reversionary clause. The jury in the present case was authorized to find from the evidence that the property had not been abandoned "for school purposes" by the Tift County Board of Education.

It is contended by the plaintiff, however, that a reversion would occur unless the property is used for school purposes in the education of children residing in the territory which formerly comprised the Excelsior School District. It was stipulated that the Excelsior School District was not an independent school district. By the 1946 act (Ga. L. 1946, pp. 206-207) all local school districts in each county, not including independent school districts, were merged into one school district, and title to the property formerly owned by the trustees of the local school districts became vested in the county boards of education. *Nelms v. Stephens County School District*, 201 Ga. 274 (39 SE2d 651); *Duffee v. Jones*, 208 Ga. 639, 643 (68 SE2d 699); *Bailey v. County Bd. of Ed. of Elbert County*, 213 Ga. 308 (99 SE2d 124).

The deed to the school trustees of the Excelsior School District recited that it was in consideration of the sum of $5 and "in consideration of the interest that the grantors have in education for said county and district." It is consistent with the expressed purpose of the deed to hold that the Tift County Board of Education, as successor trustees of the trustees of the abolished Excelsior School District, is the owner of the school property so long as it is used for school purposes in the education of the children of the consolidated district, the County of Tift. Compare *Bd. of Ed. of Fulton County v. Bd. of Ed. of College Park*, 147 Ga. 776 (95 SE 684); Bd. of Supervisors v. Newell, 213 Miss. 274 (56 S2d 689); Breathitt County Bd. of Ed. v. Back, 214 Ky. 284 (283 SW 99).

The trial court did not err in denying the general grounds of the motion for new trial and the motion for judgment notwithstanding the verdict, and in giving in charge to the jury the excerpts set out in grounds 4, 5, 6, and 7 of the motion for new trial as amended. Ground 8 has been abandoned.

■ In ground 9 of the motion for new trial as amended, error is assigned on the court's refusal to allow Mr. Robert R. Forrester, one of the attorneys for the plaintiff, to testify that Mr. Henry Banks Allen, a former County School Superintendent of Tift County, had stated to the witness that the county board of education had disclaimed any title to the property in question, that the witness advised the plaintiff of this conversation, and as a result of it the plaintiff went into possession of the property and collected rent on the house located thereon for several months.

It is contended in the brief of counsel for the plaintiff that the county school superintendent is an agent of the county board of education under *Code Ann.* § 32-912 and *Code* § 32-1009, and that an excerpt from the minutes of the meeting of the Board of Education of Tift County on April 23, 1958, stipulated in evidence, showed the authority of the county school superintendent to act for the board in connection with this property. The excerpt is as follows: "The superintendent was requested to contact a third party in the community at Excelsior, and request that the third party contact the Ford heirs and Albert Ingram relative to leaving the Excelsior School property with the school board for two or three more years."

As heretofore held, the Tift County Board of Education succeeded to the title formerly vested in the trustees of the school district. The title was in no way vested in the county school superintendent. The authority given to the superintendent by *Code Ann.* § 32-912 and *Code* § 32-1009 to act as agent for the board does not include any authority to disclaim title to property vested in the board as public trustees, and the minutes of the board stipulated in evidence do not show such authority. The testimony sought to be offered was hearsay, and was not admissible as an admission of an agent in pursuance of his agency under *Code* § 38-406. The trial court properly excluded the evidence.

■ In ground 10 it is asserted that the court granted a motion to strike a part of the testimony of Mr. Forrester, offered to impeach the testimony of Mr. Allen, in which the witness quoted a statement of Mr. Allen to the effect that the board of education recognized that it had no further claim to the property. An examination of the brief of evidence certified to this court shows the same testimony by Mr. Forrester which is alleged to have been excluded.

"Where complaint is made in a motion for a new trial that a named witness . . . was not permitted to testify to certain facts, and in the brief of evidence it appears that the witness did testify to such facts, and both the motion for a new trial and the brief of evidence are duly approved by the presiding judge, this court cannot hold that the brief of evidence is incorrect, but must reconcile the two statements on the theory that, while at one time the court made the ruling stated in the motion for a new trial, at some stage of the examination the testimony was admitted. Under such facts the ruling will not require a new trial, even if the evidence was admissible." *Woods v. State,* 137 Ga. 85 (3) (72 SE 908); *DeNieff v. Howell,* 138 Ga. 248 (75 SE 202); *Tompkins v. American Land Co.,* 139 Ga. 377 (6) (77 SE 623); *Jenkins v. Boone,* 144 Ga. 44 (85 SE 1042); *Teague v. Teague,* 198 Ga. 239 (2) (31 SE2d 409).

*Judgment affirmed. All the Justices concur.*