23299. VEAL et al. v. SMITH et al., Members of Board of Education of Washington County.

CANDLER, Presiding Justice. On January 2, 1920, and for a consideration of $600, W. H. Franklin and L. A. Gladdin conveyed to W. H. Avant and 4 other named persons as the trustees for Deepstep Public School District in Washington County and their successors in office, a described tract of land containing 4 acres, more or less, for school purposes. On August 2, 1965, C. V. Smith, William Rawlins, Olin E. Robinson, W. W. Pate and C. J. Lord, as members of the Washington County Board of Education, applied to the Superior Court of Washington County and to Hon. D. N. Brown, judge thereof, for leave to sell at private sale the above mentioned tract of land, together with the improvements thereon, to A. J. Bowman at and for the price of $22,600. Their petition alleges that a public school had been operated on such tract by the Washington County Board of Education for a number of years; that such property was no longer needed for school purposes; that the students who formerly attended such public school were being transported to and were attending

county consolidated grammar schools either in Sandersville or in Tennille, Ga.; and that such property was no longer being used for school purposes. As an exhibit to their petition, they attached a copy of a resolution which the county board of education adopted finding and declaring that such tract was no longer needed or would be used for school purposes and such resolution ordered a sale of such tract as surplus school property. In addition to their prayers for leave to sell the property, they prayed for an order directing how and in what way the proceeds arising from such sale should be used by them. A copy of the resolution is attached to and made a part of the application. Walter C. McMillan, Jr., as Solicitor General of the Middle Judicial Circuit, was served with a copy of the application for leave to sell and a copy of the aforementioned resolution. He answered the petition but averred no reason why the property should not be sold. J. Hilliard Veal and five others, alleging themselves to be citizens, residents and patrons of Deepstep School District in their own behalf and in behalf of all others similarly situated, intervened and were made parties defendant to the proceeding. Their intervention alleges that the title to and the right to control and use such property for educational purposes is vested in the Board of Trustees of Deepstep School District who hold the same in trust for the citizens, residents and school patrons of such local school district and that the Board of Education of Washington County therefore has no right, title or interest in and to such property and consequently no right to dispose of it by sale or otherwise. Intervenors demurred to the petition and attacked the validity of section 20 of an Act passed in 1946 (Ga. L. 1946, pp. 206, 213; *Code Ann.* § 32-1401) which transferred control and management of all property held in any capacity for school purposes by the trustees of local school districts to the county board of education on the grounds that such section offends Art. I, Sec. I, Par. III of Georgia's Constitution of 1945 (*Code Ann.* § 2-103), which provides that no person shall be deprived of his property except by due process of law; Art. I, Sec. III, Par. I (*Code Ann.* § 2-301), which declares that private property shall not be taken, or damaged, for public purposes, without just and adequate compensation being first paid; and Art. I, Section III, Par. II (*Code Ann.* § 2-302) which prohibits the enactment of any law impairing the obligation of a valid

contract. The demurrer was overruled and that judgment is assigned as error. The intervenors also answered the petition and averred several reasons why such school property should not be sold by the county board of education.

While this proceeding was pending and by consent of all the parties, the trial judge granted an order authorizing the County Board of Education to accept A. J. Bowman's offer of $22,600 for the property involved and directed that the proceeds arising from such sale be deposited in the registry of the court until further order. Pursuant to such order, a sale of the property was consummated and the proceeds arising therefrom were deposited in the registry of the court but no order directing disposition and use of such proceeds has been granted. The intervenors in due time appealed the case to this court for review. *Held:*

1. Art. VIII, Sec. V, Par. I of the Constitution of 1945 merged all local school districts, except independent school districts, within a county into one school district, thereby substituting such consolidated county school district for all existing local school districts. *Nelms v. Stephens County School District,* 201 Ga. 274 (39 SE2d 651). Pursuant to that provision of the Constitution and by an Act approved February 1, 1946, all local school districts were abolished and jurisdiction to control, manage and operate public schools was vested in the board of education of each respective county. *Board of Educ. of Paulding County v. Gray,* 203 Ga. 583 (47 SE2d 508); *Ingram v. Doss,* 217 Ga. 645, 647 (1) (124 SE2d 87). By section 20 of the 1946 Act all property held in any capacity for school purposes by the trustees of the abolished local school districts passed by operation of law to and became vested in the county board of education as a successor trustee. *Duffee v. Jones,* 208 Ga. 639 (68 SE2d 699). The sole purpose and effect of that section was to transfer control and management of school property from one public agency or statutory board of trustees to another. *Bailey v. County Bd. of Educ. of Elbert County,* 213 Ga. 308 (99 SE2d 124). This being true, there is no merit in the contention that such section is unconstitutional for any attack here made on its validity.

2. Since the parties to this litigation consented to a private sale of the school property involved, intervenors' contention that it could be sold only at a public sale has become a moot

question and for that reason need not be considered. *Smalling v. Poore,* 172 Ga. 883 (159 SE 237).

3. Under § 32-909 of the Code, county boards of education are invested with title, care and custody of all school property with power to control the same in such manner as the board thinks will best serve the interests of the common schools and when in the opinion of the board any particular parcel of school property is no longer needed for school purposes, it may sell and convey the same in accordance with the board's order for such sale. In making such sales the board is vested with a broad discretion which will not be controlled unless such discretion is manifestly abused. *Williams v. Ragsdale,* 205 Ga. 274, 278 (3) (53 SE2d 339).

*Judgment affirmed. All the Justices concur.*

Argued January 10, 1966—Decided January 18, 1966.

*D. D. Veal,* for appellants.

*Thomas A. Hutcheson, Irwin L. Evans, Walter C. McMillan, Jr., Solicitor General,* for appellees.