## THE MAYOR AND COUNCIL OF MACON v. DASHER.

1. The trustees of a Baptist church have authority to convey real estate when authorized to do so by a vote of the church, evidenced by an extract from the minutes of the church.
2. That a witness thought or understood when he bought his property near the location of the land in question that the latter was to be left as a permanent park or reservation, it not appearing why or upon what facts the witness formed his expectation, is not competent evidence to show that there was any undertaking by the city, or any right in the adjacent or contiguous land-owners, to have the land kept open as a public park, or to show any dedication of it for such purpose.
3. Whether a certain writing giving authority to execute a deed be sufficient to put a subsequent purchaser on notice of a prior writing or record made by the vendor (a municipal corporation), or to put such purchaser on inquiry as to the existence of the prior writing or record, is generally a question for the court and not for the jury.
4. By the 32d section of the act of December 27th, 1847 (Acts of 1847, p. 42), the Mayor and Council of the City of Macon, as a municipal corporation, was invested with power to sell any portion of the town common not previously leased or sold, and appropriate the proceeds to the use of the city, and this power was conferred without any express restriction as to the mode of its exercise. As an incident to the power, the corporation could convey by deed to the purchaser any of the town common which it contracted to sell, and a deed regular on its face, executed by the mayor, attested by the town clerk and sealed with the corporate seal, would be the deed of the corporation itself, executed not by its agent or attorney in fact, but by its own corporate head and hand, the mayor, he for this purpose not being a distinct person, but a part of the corporate body. A resolution of the mayor and council authorizing him " to issue deeds to the property " would not constitute a necessary part of the purchaser's muniments of title, inasmuch as the deed, being regular on its face and executed under the corporate seal by the appropriate

officer, would be presumed to be made in pursuance of the statu-
tory power of sale, and it would be unnecessary for a party claim-
ing under it to produce the resolution. 2 Dillon Mun. Corp. (4th
ed.) §581; 1 Devlin on Deeds, §348.

5. If the contract of sale, as assented to by the corporation and entered
on its minutes, embraced a conditional or defeasible estate in the
premises, and the deed, by mistake in drafting it and by oversight
or mistake of the mayor in executing it, conveyed an unconditional
fee simple, the purchaser directly from the city would be affected
with notice of the mistake, and as against him the corporation
could have the deed reformed so as to make it harmonize with the
contract; and this right of reformation would hold against a sub-
sequent vendee of the property chargeable with notice of the
mistake, but not as against a subsequent *bona fide* vendee for value
taking a conveyance from the first purchaser without notice, actual
or constructive, of the mistake.

6. The mayor and council having contracted to sell, according to the
entry on the corporate minutes, certain described premises to the
trustees of the South Macon Baptist Church as a plat of ground
upon which to erect a church, " provided they obligate to build on
the same a neat and sightly building, say sixty by eighty feet, and
enclose the whole triangle, making a sidewalk on all three sides,
and grade Orange street as council may direct, and  .  .  .   that
they be charged one hundred dollars, or some like nominal sum,
for the same, and if not used for the purpose above named, or if
in time it be necessary to change it for any other purpose or occu-
pation, then to revert to the city"; and afterwards, by resolution
also entered on the minutes, having declared that the mayor was
" authorized to issue deeds to the property granted to the trustees
of the South Macon Baptist Church," and the deed so executed
having omitted any and all conditions and having conveyed the
premises to the trustees of the church absolutely in fee simple,
although a copy of this resolution was attached to the deed, it
did not put a purchaser to whom the trustees of the church subse-
quently sold and conveyed the property absolutely in fee simple
upon notice of any conditions in the contract of sale by the city
to the trustees, and such purchaser, if without other information
than that obtainable from his muniments of title and the resolu-
tion, was not bound to examine the minutes or otherwise ascer-
tain whether the deed from the corporation conformed to the con-
tract of sale or not.

7. The contract of sale having been the result of a petition made to the
mayor and council by the trustees of the church, or by others in
their behalf, the trustees were bound to know the terms of the con-
tract as entered upon the minutes of the corporation. Conse-
quently, the court erred in charging the jury upon any hypothesis
which would or might relieve the trustees from being bound by

the terms of the actual contract. Dasher, the purchaser from the trustees, would not be protected, if he had notice himself, by a want of notice in the trustees, the controlling question in the case being whether he himself had notice or not. There being some evidence tending to show that he had such notice, there should be another trial.

8. The defendant in error having departed this life after the argument and hearing of this case in the Supreme Court, which was on the 1st day of July, 1892, and his death having been duly suggested, a judgment of reversal will be entered on the minutes of this court as of that day; and direction is given that when this judgment is made the judgment of the court below, it have effect accordingly. Elliott App. Proced. ₹166; Holloway v. Galliac, 49 Cal. 149; Black v. Shaw, 20 Cal. 68; Hahn v. Behrman, 73 Ind. 126; Jeffries v. Lamb, Id. 207.                    Judgment reversed.
August 23, 1892.

Churches. Authority to convey. Municipal corporations. Evidence. Dedication. Notice. Deed. Mistake. Contract of sale. Practice. Before Judge MILLER. Bibb superior court. April term, 1891.

The equitable petition of Dasher against the Mayor and Council of the City of Macon and the chief of police of that city, alleged, in brief, that the mayor and council, in pursuance of a resolution passed at a regular meeting, made to Estes, Branham and others, trustees of the South Macon Baptist Church, and their successors, in consideration of $100, a deed in fee simple with warranty to certain property in the city; that afterwards he purchased the land from the trustees of the church, paying them $1,000 and receiving a warranty deed in fee; that he had made valuable improvements on the property, paid all taxes, etc., and without encroachment upon the streets or property of the city, or violation of any of its laws or ordinances, he had erected certain posts and fencing upon the property; and that the chief of police, acting under authority of the mayor, had notified him to remove the posts and fence, which are necessary to protect the property from trespasses. He asked for injunction to restrain the defendants from removing the

posts and fence, or in any way interfering with his en-
joyment of the property. Attached to the petition was
a plat of the property. Also, the first deed mentioned,
which was dated September 5, 1882, and was an ordinary
warranty deed purporting to convey the property in
consideration of $100, and signed by the mayor in the
presence of several witnesses, and attested by the city
clerk. Also, an extract from the minutes of council of
May 9, 1882, that " on motion the mayor was authorized
to issue deeds to the property granted to the trustees of
the South Macon Baptist Church." Also, the deed by
various persons, styled in the deed " trustees of South
Macon Baptist Church," to Dasher, conveying the prop-
erty in consideration of $1,000. This deed was an
ordinary warranty deed dated February 3, 1886. Also,
an extract from the minutes of the church, reciting that
the board of trustees were authorized to sell and convey
the lot for $1,000.

The mayor and council answered : It is true that on
September 5, 1882, the mayor and council made the
deed to the land, but the property was a part of the city
reserve and a portion of the public streets, and it was
conveyed to the church trustees on their petition to the
council, stating that it was to be used to erect a church
thereon, and it was for this and no other purpose that
the deed was made. When the petition of the trustees
was made to the council and passed upon by it, it was
distinctly made a condition that the property should be
granted only upon condition that it should only be used
for building a church thereon, that a neat and sightly
building should be put upon it and the whole enclosed,
making a sidewalk on all three sides, the lot being tri-
angular, and grade the street upon one side of the lot,
and if not used for those purposes, or if in time it be-
came necessary to change it for any other purpose or
occupation, then to revert to the city. The trustees

have never complied with the condition upon which the grant was made. They have abandoned the property for said purposes, and do not intend to put it to the uses for which it was granted, but have sold it to plaintiff who intends to devote it to altogether different purposes. The conditions mentioned form a part of the deed and should be considered with it, for without it there is no consideration. When plaintiff purchased the property he well knew and had full notice of these conditions, and took it after being fully notified of them, and is in no sense a *bona fide* purchaser without notice. Defendant protested against the sale to him, and he was told of the conditions upon which the grant was made, and with this knowledge, and his eyes open, purchased the property. The trustees had no power and authority to sell to plaintiff, and their doing so conveyed no title to him. By reason of the abandonment mentioned, and a violation of the terms upon which the property was granted to them, it reverted to defendant and is defendant's property. The mayor and council had no right to sell or convey the property to any one, because it was a part of the city reserve and street, which had for a long time been dedicated to public uses, and the action of the mayor and council in selling was illegal, *ultra vires* and void. Attached to this answer was an extract from the minutes of the city council of March 14, 1882, giving the report of the special committee to whom was referred the petition of the Reverend Mr. Lamar and others, for the plot of ground to erect a church. It appeared from this extract that the committee recommended that the land be granted to the trustees upon the terms mentioned in the answer, and also recommended that they be charged $100 or some like nominal sum, because of the fact that the city had before that given the same church land to build a church on.

The jury found for the plaintiff. A motion for a new trial was overruled, and the city excepted. Among the grounds of the motion are the following:

Error in admitting in evidence the deed from the trustees to Dasher, over objection that it did not show any authority to the trustees named therein to convey the property, that the persons named as being trustees are not trustees under the law, that in order to admit of such conveyance the statute must be complied with, that they were simply trustees, and that they could not make a deed to private property. It appeared that these trustees were elected by the church.

Error in refusing to permit a witness to answer this question: "When you bought your place, what was your understanding about that?" The question and answer immediately preceding this question were: "Q. What is that property there regarded as?" (referring to the plat of land in dispute. "A. I thought it would be left as a permanent park or reservation, or something of that kind; that is one reason I bought my place." The object of the testimony was, to show that witness, among other property-holders of the city, had bought his property upon the faith that this piece of land was a perpetual reservation.

Error in refusing to allow a witness, Tharpe, to testify that he purchased his property with the understanding that this land in dispute was regarded as a reservation, and as having been dedicated to the public use, he stating that his purchase had been made some twenty-one years before the trial.

Error in refusing to charge as requested by defendant in writing: "The mayor of the city was not authorized to make a conveyance or contract with any person, except by the authority of the mayor and council, nor was the mayor authorized to change or modify the agreement as made by resolution of council," and farther re-

fusing to charge as was requested, "that those who deal with the agent or officers of a municipal corporation are bound to ascertain the nature and extent of the authority of such agent or officers."

Errors in refusing to charge, as requested by defendant: "If you find from the evidence that in March or April, 1882, the defendant adopted a report made by a committee of its own, that the Second Baptist church could get from it the title to this property under condition that if not used for church purposes it was to revert to the defendant; and if you further find that on the 9th day of May, 1882, the mayor was authorized to issue deed to the trustees of the South Macon or Second Baptist church, and that in September of the same year the mayor made a deed to this property for the price set out in the report of March or April, 1882, then I charge you that, in the absence of any proof to the contrary, the only manner in which the mayor was authorized to grant the property was as set forth in the report of the committee as adopted by the mayor and council.

"In determining whether Dasher had notice of the condition upon which the city had granted the lot to the church, the jury can look to the fact, if it be a fact, that a copy of the action of the council, ordering the mayor to execute the deed to the property granted, was attached to the deed; and if such copy was attached, then if that, in the opinion of the jury, was sufficient to put Dasher upon inquiry, and if upon inquiry Dasher could have ascertained all the facts as to the grant to the church, and if Dasher failed or refused to make such inquiry, but relied upon the warranty in the deed, then he is charged by law with all the facts which an inquiry would have disclosed."

Error in admitting in evidence the deed from the mayor to the trustees, over objection of defendant that there was no authority shown for making the deed by

the mayor, that it appeared to be made by a resolution of council authorizing the deed to be made to the property, while the city charter did not allow the city to make such a deed, and that the certificate of the clerk of council did not show any authority whatever from the council to authorize the deed to be made.

Errors in charging : "Now if Lamar negotiated this trade, and it was without conditions, and the committee of the council reported a resolution authorizing the trade with conditions, and Lamar did not know that, then also these trustees would not be bound.

"If you find, however, that the deed was made in pursuance of that resolution, then, as I said, they are bound by it, and your next step is to inquire into its effect upon Dasher. He occupies a different position from the trustees in this matter. If it was a fact that Dasher was the person and knew all the facts attending the transaction, if he knew before he bought it from the trustees that their trade was upon conditions that the church was to be built there, then, although he might get a straight warranty deed from the trustees, his title would not be any better than theirs, and he would buy with the same limitations, subject to the same conditions and restrictions that they bought under. So you will see, the next question for you to pass upon in determining his right, is, what notice did he have ? Did he have knowledge of any facts attending this transaction between the city council and the trustees of the Baptist church ? If you find from the testimony that he had had actual knowledge, of course there you would stop, because he is bound. If he did not have actual knowledge, what notice did he have ? Was there any actual notice brought home to him ? If not, did he have any notice at all of any sort ?" The error alleged as to this charge was, that it submitted the question to the jury as if it were between two individuals, and not

between a municipal corporation and an individual, the law being, under the act of 1847, that the mayor and council have power to sell any portion of the town common; the evidence being that the deed from the city to the trustees did not recite any resolution of the mayor and council, or any action by them authorizing the sale of the land, and Dasher or any other purchaser from the church was charged with notice that in the first deed the law had not been complied with.

R. W. PATTERSON, for plaintiff in error.

HARDEMAN, DAVIS & TURNER, contra.