## DOMINY *et al. v.* STANLEY *et al.*

1. The parties plaintiff in this case show such an interest as to authorize them to maintain the suit, they being interested in the school built upon the land conveyed in trust by the grantors for the purpose of maintaining a school thereon and in that county. The petitioners live in the community, one of them is a patron of the school, and others are helping to maintain the school for the benefit of children in the community and for the benefit of their tenants who expect to be patrons of the school.

2. Where land was given for the purpose of having a school maintained thereon in a named district and community, though no trustees were named, the trust will not fail, and a court of equity has power to appoint trustees upon the petition of patrons of the school living in the neighborhood where the land is located.

3. The title to this land and the right to sell and dispose of the same was not vested in the county board of education, under the provisions of the Civil Code, § 1484.

No. 5056. MAY 13, 1926.

Equitable petition. Before Judge Camp. Laurens superior court. July 27, 1925.

R. M. Stanley, N. P. Metts, Nathan Gilbert, T. J. Dixon, John T. Ussery, and Lucien Watson brought their equitable petition in Laurens superior court, returnable to the July term, 1925, against E. Burnsey Dominy, John Dominy, and R. F. Cullens. Petitioners, all residents of Laurens County, contend that they are patrons of Centerville schoolhouse in said county, and are beneficiaries of a trust deed executed on the 6th day of July, 1843, between John T. Wright and Ira Stanley on the one hand and the trustees of the Centerville schoolhouse on the other, in which the grantors for divers good causes gave to the trustees of said school ten acres of land in trust to be kept and used for school purposes, attaching a copy of the deed; that no trustee was named in the deed, and that if any trustee or trustees have ever been appointed or elected for said school they have long since departed this life, and the school has been without a legal trustee from the date and death

of the original grantors until the present; that the deed made no provision for the appointment or election of a trustee or trustees to succeed the original trustees in said trust, and there has been no legislative act of the General Assembly of Georgia authorizing any one to act as trustee or trustees under said trust; that the defendants have been pretending to act as trustees for said Centerville schoolhouse, an unincorporated academy, for the past several years; that the property involved consists of ten acres of valuable land with the schoolhouse located thereon; that the land is covered with a valuable growth of original virgin pine timber suitable for building purposes, and sufficient to keep the schoolhouse in repair for a long period of years to come; that the property is a valuable asset to the people of the immediate community and patrons of the school for whose benefit the trust was originally created; that said pretended trustees are undertaking to and threatening to devastate the land of its timber and to tear down the schoolhouse thereon, and also to sell the land without lawful warrant or authority, unless restrained and enjoined by a court of equity, contrary to the intention of the donors in the deed of trust, creating the same for the benefit of whomsoever might take advantage of the trust by sending their children to said school. The plaintiffs pray for an injunction against the acts of trespass on the part of the alleged pretended trustees, for the appointment of five discreet persons to act as trustees for said Centerville schoolhouse under said trust deed, and for process.

·A rule nisi was granted by the court in vacation, calling on the defendants to show cause why the prayers of the petitioners should not be granted, and in the meantime the defendants were restrained and enjoined as prayed. On the 13th day of July, in vacation, the defendants appeared and filed both a demurrer and an answer. At the hearing the plaintiffs introduced testimony tending to sustain the allegations of their petition. The defendants introduced no evidence. The defendants demurred generally to plaintiffs' petition. Answering, they deny that the plaintiffs are the beneficiaries of said deed of trust or that they are patrons of said school at Centerville, or that they have such interest as would authorize them to bring the complaint against the defendants. The defendants assert that they are bona fide trustees for said school, having been duly elected and constituted trustees by

patrons of said Centerville school, and have, with knowledge of said plaintiffs, been acting as such besides being patrons of the school; and they deny that they are undertaking to cut the timber, destroy the schoolhouse, and sell the land. They further contend that on the 13th day of June, 1925, an election was held in said district, under and by direction of the board of education of Laurens County, for the purpose of consolidating Centerville school district with Oak Grove and Berry school districts; that said election resulted in the consolidation of the said three school districts into one school district, which consolidation was known as the Oak Grove consolidated school; that no school has been maintained at Centerville except as was kept and maintained out of the public-school funds of the county; that the consolidated school would be located about two miles from the Centerville site; that as a result of said consolidation no school would hereafter be maintained on the site of the trust deed, but the same would be abandoned, and the purpose of the trust as contemplated and provided by said deed would fail, and the land would be abandoned and not kept for school purposes. The defendants contend further, that, in order for the purpose for which said trust was granted to be carried out for school purposes and for the charity therein intended to be given further effect, it is necessary that said land be by judgment of this court sold and the proceeds invested in the land and school building of the Oak Grove consolidated district, into which the Centerville school district by consolidation has been merged; and that trustees should be appointed for the purpose of selling said land and reinvesting the same in order to give effect by approximation to the original object created by said deed. The defendants pray, by way of cross-bill, that this land be sold by an order of the court to the highest and best bidder and the proceeds be reinvested in lands on which the Oak Grove consolidated school is to be built and maintained, and such other purposes as the court may direct, that impartial trustees be appointed for such purposes, that the court render such other judgment and decree as contemplated by said deed.

The plaintiffs moved to strike the answer and cross-bill of the respondents, as failing to set up any defense or an equitable ground for the relief prayed for therein. The plaintiffs introduced the trust deed, which reads as follows:

"Georgia, Laurens County. This indenture, made the 6th day of July in the year of our Lord one thousand, eight hundred and forty-three, between John T. Wright and Ira Stanley, of the county and State aforesaid, on the one part, and the Trustees of the Centerville Schoolhouse of the other part, of the county and State aforesaid, witnesseth that the said John T. Wright and Ira Stanley for divers good causes do give to the trustees aforesaid for said schoolhouse ten acres of land, which is hereafter to be surveyed, leaving said schoolhouse in the center. To the said trustees to have and to hold said premises, and to their successors in office, to be kept and used for school purposes, it being parts of two lots of land numbers 93 and 94 adjoining land of John W. Smith and others. And we, the said John T. Wright and Ira Stanley, do warrant and forever defend the above-named premises from ourselves and all other persons unto the said trustees, etc. In witness whereof we do hereunto set our hand and seal the day and date above written." The same being duly executed and attested.

Several witnesses - for the plaintiffs offered testimony tending to show that a school had been maintained on the site granted in the trust deed as far back as the year 1865; that during most of that period the school has shared in the educational fund of the county, the same being contributed to by the board of education annually by allowing it the pro rata part of the public-school fund. It also appeared that the Centerville schoolhouse had at some period been maintained as a private school. Evidence was also introduced to the effect that one or more of the acting trustees had threatened or offered to sell the school property together with the timber thereon, and that a school of some kind has been continuously maintained at the Centerville schoolhouse at least from the period of 1865 each season, one of the plaintiffs having sent to school at Centerville schoolhouse during last season; other plaintiffs have not sent there within a period of twelve years, although the plaintiff N. P. Metts testified that, while he had not sent to Centerville school in approximately twelve years, he desired to maintain a school there for his tenants and others. The defendants introduced no evidence.

The court overruled the demurrer, and held that the plaintiffs had a right to institute this action.

*E. L. Stephens,* for plaintiffs in error.

*Ira S. Chappell* and *Hardwick & Adams,* contra.

BECK, P. J. (After stating the foregoing facts.) The court properly overruled the demurrer. Under the deed from Wright and Stanley, which appears in the statement of facts, a charitable trust was created. The land in question was conveyed "to the trustees of the Centerville schoolhouse." The deed is very informal and no trustees are named, but under the provisions of the deed the trustees are to have and hold said premises, they and their successors in office, and the land is to be kept and used for school purposes. The fact that no trustees were named in the deed and no provision was there made for the appointment of trustees or for their successors will not defeat the evident purpose of the grantors. "A trust shall never fail for the want of a trustee." Civil Code, § 3781. The superior court has full power over trusts for educational purposes, and may fill vacancies in the trusteeship, where no provision has been made therefor either by grant or by legislative act. *Thompson* v. *Hale,* 123 *Ga.* 305 (51 S. E. 383). In a case like this, a court of equity has jurisdiction to carry into effect the charitable gift of the grantors according to their intention expressed in the deed of trust. *Beall* v. *Fox,* 4 *Ga.* 404. A gift like that made by the deed under consideration is for a public charitable purpose, and courts of equity in this State can sustain such conveyance .even where the objects of the charity are uncertain and indefinite. Courts of equity look with special favor upon such trusts. *Beckwith* v. *St. Philip's Parish,* 69 *Ga.* 564. No trustees having been named in this deed, though a long interval of time has elapsed since the creation of the trust, a court of equity, upon the petition of those interested in maintaining the school, will name the trustees. One of the petitioners in this case was a patron of the school, as he was sending his brother's son to the school and paying his tuition. Others of the plaintiffs had been patrons, and others were interested because they desired to keep up the school for those living in their neighborhood, and for their tenants and their neighbors. The defendants in the case, who had acted as trustees for the Centerville school, had no doubt in good faith acted from the best of motives and probably for the good of the community; but they had no title to this property. Nor did the board of education of Laurens County

have title to it. And the consolidation of the district in which Centerville school was located with another school district did not have the effect of investing the county board of education with the title to the property or with the right to sell the same. In section 1484 of the Civil Code it is declared that the county boards of education "are invested with the title, care, and custody of all schoolhouses or other property belonging to the subdistricts now or hereafter defined, with power to control the same in such manner as they think will best subserve the interests of common schools; and when, in the opinion of the board, any schoolhouse-site has become unnecessary or inconvenient, they may sell the same in the name of the county board of education, such conveyance to be executed by the president or secretary of said board, according to the order of the board." This section, however, confers no authority upon the board of education of the county to control or to sell and dispose of the land in question, which was given by private parties for a specific purpose. Moreover, we do not think that the doctrine of cy pres can be so extended as to allow the trustees, who have no title to this property, to sell the same or cut down the timber on the same for the purpose of building up an entirely different institution in an entirely different neighborhood.

*Judgment affirmed. All the Justices concur.*