## HARRIS et al. v. BANDY et al.

No. 11174. JULY 25, 1936.

*M. L. Harris,* for plaintiffs in error.

*McClure, Head & McClure, R. Carter Pittman,* and *T. G. Head,* contra.

ATKINSON, Justice. After the removal of the Cherokee Indians from northern Georgia, more than eighty years ago, the early settlers of Catoosa County erected the "Old Stone Church" out of

rocks from the forests, as a place for the worship of God. It has been maintained as a church for divine worship all these years, stands in the path of Sherman's march to the sea, and carries a distinction of having escaped the destructive firebrands. Adjacent to the church is a cemetery in which lie the remains of many of the pioneers. Title to the church was in the Elders of the Chickamauga or Stone Presbyterian Church until 1920, when it was sold to the Methodist Episcopal Church South, vesting title in the trustees of said church for the Tunnel Hill Circuit, under the rule of the Methodist Church which provides that authority may be given to trustees for sale of the property at a quarterly conference of the Tunnel Hill Circuit. In the spring of 1935 the Methodist Episcopal Church South determined to sell the church, and at a lawful meeting of the quarterly conference the trustees were duly authorized to advertise and sell the same at public outcry to the highest bidder for cash. The trustees advertised the property, and on May 17, 1935, it was cried off on the premises by the sheriff acting at the request of the trustees. Several bids were made, the highest being by R. H. Bandy, who bid $500, and the property was knocked off and sold to him by the sheriff. No other sale has been authorized by the quarterly conference, and no other lawful sale has been had. On July 16, 1935, Bandy and others instituted an action against Lowell Harris, trustee of the vendor, and others. The petition alleged the case as indicated above, and further that Bandy is a member of the Methodist Episcopal Church South, and a member of the Methodist congregation of the "Old Stone Church." In making the bid he acted for himself and the other petitioners, for the purpose of preserving the property as a place of public worship, without regard to denomination, and as a memorial and shrine commemorative of the pioneers who, in a communal and Christian spirit, built it, wherein to worship, give thanks to their Creator, find solace in trouble, and in which to honor and from which to bury their dead. Petitioners are voluntary contributors to a fund constituting more than $500, subscribed for the purpose of purchasing the property. Lowell Harris owns a tract of land adjoining the "Old Stone Church;" and although he is one of the trustees he has encroached upon the church property by erecting a building for commercial purposes. Harris exhibited a deed prepared and executed by the church

trustees, and Bandy tendered the purchase-price in cash. Harris refused to deliver the deed unless Bandy would permit him to establish an untrue line between the church property and the property of Harris. Bandy offered to accept the deed and take only the property it called for; whereupon Harris regained possession of the deed and refused to accept the $500. Subsequently Harris entered into an unlawful conspiracy to prevail upon the trustees to refuse to deliver the deed to petitioners, and to secure a deed for defendant Lorah Graham without public sale. Two of the trustees signed such deed conveying the property to Lorah Graham, but the third refused to enter the conspiracy. Harris is now in possession, is using the "Old Stone Church" for commercial purposes, and threatens to convert it into a tourist camp. Petitioners have no adequate remedy at law, and have placed $500 in the hands of the clerk of the court as a continuing tender to defendants. The deed executed by the two trustees constitutes a cloud on the title. The prayers were (1) that title to the "Old Stone Church" property be decreed in R. H. Bandy for the uses and persons named in the petition, and that the trustees be required to perform their duty according to the specific terms of the sale; (2) for cancellation of the fraudulent deed; (3) to enjoin named defendants from trespassing upon the property. The defendants interposed general and special demurrers. The judge overruled the grounds of general demurrer. The special demurrers were not passed on, but rulings thereon were reserved. The defendants excepted.

1. A question in this case, decided on general demurrer, is whether the petition alleged a cause of action for specific performance by a purchaser of land at public sale conducted by trustees of a church. The trustees were authorized to sell "at public outcry to the highest and best bidder for cash." The purchaser was the highest bidder, and he made a tender; but the pivotal question is, did he make it in conformity to the power of sale conferred upon the trustees in regard to time of payment? On this point the petition failed to state the time of tender, and is to be construed most strongly against the pleader.

2. The allegations of fact bring the case within the principle ruled in *Dwelle* v. *Blackshear Bank,* 115 *Ga.* 679 (42 S. E. 49), where it was held: "A prospective purchaser at a sale of prop-

erty, to be had under a power contained in a mortgage, is bound to inquire as to the terms and conditions upon which the person exercising the power is authorized to sell; and when the power of sale provides that the sale shall be had at public outcry for cash, all who bid at the sale do so with full knowledge that to complete the sale payment or tender of the final bid in cash is essential; and one, although the highest and best bidder at the time the property is knocked off, is not entitled to demand a conveyance unless the amount of his bid is duly tendered in cash, if not immediately after the property is knocked off to him, at least during the legal hours of sale on the day upon which the sale is had."

3. The petition alleged that "No other sale of said property has been authorized by the quarterly conference of said church." Also, that, after refusal to deliver the deed to the purchaser at the public sale, two of the three trustees of the church signed and delivered a deed to a third person, "without public sale and without any right or lawful authority on the part of said trustees to make any conveyance," which is subject to be recorded and is operative as a cloud upon the title of petitioner as a member of the church.

(a) The allegation of interest of petitioner as a member of the church was sufficient to authorize him to sue for cancellation of the deed. See *Mayor &c. of Macon* v. *Dasher*, 90 *Ga.* 195 (16 S. E. 75) ; *Harris* v. *Brown*, 124 *Ga.* 310 (6) (52 S. E. 610, 2 L. R. A. (N. S.) 828).

(b) The allegation as to want of authority in the trustees to execute the deed was sufficient to show that it was void and subject to cancellation as a cloud on title.

4. It was alleged that one of the trustees in collusion with the grantee "is now in possession of 'Old Stone Church' property, is using the same for commercial purposes, and threatens to convert the 'Old Stone Church' building into a tourist camp, and place therein beds and other furnishings to accommodate the traveling public, . . all of which is and will continue to be a sacrilege and a desecration." While injunction may not be substituted for complaint for land, it is an appropriate remedy to prevent an alleged trespasser in wrongful possession of a building used as a church from desecrating by diverting it to private uses.

5. The petition having alleged a cause of action for cancella-

tion and injunction, as dealt with above, the entire petition was not subject to dismissal because it failed to allege a cause of action for specific performance.

6. The judgment overruling the general demurrer to the petition is reversed in so far as it relates to the allegations and prayers for specific performance. The judgment is affirmed in so far as it relates to the allegations and prayers for cancellation and injunction.

The plaintiffs in error having obtained a substantial modification of the judgment upon which error was assigned, the cost of bringing the case to the Supreme Court is taxed against the defendants in error.

*Judgment affirmed in part and reversed in part. All the Justices concur, except Gilbert, J., absent, and*

BELL, Justice, dissenting in part and concurring in part. If the tender was not made in time, it was refused for a different and invalid reason; and therefore the delay was waived. Hence I dissent from the ruling in regard to tender, and from the judgment to the extent that it reverses the judgment of the trial court. *Fraser* v. *Jarrett,* 153 *Ga.* 441 (3) (112 S. E. 487). Furthermore, the exception is to the overruling of a general demurrer to a petition; and since the petition stated a cause of action for a part of the relief sought, the judgment overruling the demurrer which attacked the petition as a whole should be unqualifiedly affirmed. Such has been the practice. *Blaylock* v. *Hackel,* 164 *Ga.* 257 (5) (138 S. E. 333) ; *Hines* v. *Wilson,* 164 *Ga.* 888 (139 S. E. 802) ; *Hogan* v. *Cowart,* 182 *Ga.* 145 (3, *d*) (184 S. E. 884).