DUFFEE *et al. v.* JONES, trustee, *et al.*

No. 17671. Argued November 14, 1951—Decided January 16, 1952.

*R. M. Reed,* for plaintiffs.

*J. G. Roberts, Sam .J. Welsch, H. C. Schroeder, Claud M. Hicks* and *Willingham, Cheney, Hicks & Edwards,* for defendants.

Candler, Justice. During July, 1927, Mrs. Leila A. Thornton and Mrs. Jane Thornton Kennedy, for a consideration of $1, conveyed to V. A. Robinson Jr., W. H. George, and C. A. Jones, as trustees of the Vinings School District, and their successors in office, a described tract of land in Cobb County, Georgia.

Their deed recited: "Said trustees are to hold said property for the use of the Vinings School District for school purposes, and in case a school is not conducted on these premises for at least six months in each year for 5 (five) years from the date of this deed, or in case the Vinings District issues more than $4000 worth of school bonds, within five years from the date of this deed, this property shall revert to the grantors, their heirs or assigns." The deed made no provision for a sale of the property by the trustees or their successors.

On July 23, 1951, P. B. Duffee Sr. and Grady Robinson filed an equitable proceeding in the Superior Court of Cobb County against A. P. Jones, W. L. Jones, J. P. Duckett, Durham Yarbrough, and W. B. Ferguson, as trustees of the Vinings Methodist Church; V. A. Robinson, Robert E. Dunn, J. P. Duckett, C. A. Jones and W. B. Ferguson, as trustees of the Vinings School District; and the Cobb County Board of Education, its president, L. N. Lassiter, and its members, F. P. Lindley, Frank Mills, A. H. McClesky, and Lewis Ray. Their petition contained two counts, each averring the same facts, and each in substance alleging: The plaintiffs reside in and are taxpayers of the Vinings School District of Cobb County. They are patrons of the school in Vinings School District. After the land here involved was conveyed in 1927 to the trustees of the Vinings School District for school purposes, the district issued school bonds, within the restricted terms of its deed, and used the proceeds for the erection of a school building on the premises, which has since been used exclusively for school purposes. The property presently has a market value of $20,000. While the County Board of Education, because of its program for consolidating schools, no longer uses the property for county-school purposes, nevertheless, the Vinings Citizens' Council is now using it for educational and other related purposes, and the Vinings School Community is now organizing a kindergarten and will need the use of it for that purpose. During February, 1951, V. A. Robinson Jr., Robert E. Dunn, J. P. Duckett, C. A. Jones, and W. B. Ferguson, as trustees of the Vinings School District, for a recited consideration of $10 and other valuable considerations, no part of which was in fact paid, conveyed to A. P. Jones, W. L. Jones, J. P. Duckett, W. B. Ferguson, and Durham Yarbrough, as trustees of the Vin-

ings Methodist Church, and their successors in office, all of the property involved, at a private sale and without complying with the provisions of Code §§ 108-408 et seq., which prescribe required procedure for the sale of trust property. While said grantors purportedly acted as trustees of the Vinings School District and their deed recites that "this deed is made by grantors as successors in office to the original trustees of the Vinings School District," they were not selected and appointed on application to the judge of the superior court of Cobb County as required by law, and for that reason are without authority to act in any capacity as trustees of said school district. Subsequently, the trustees of the Vinings Methodist Church entered upon the aforesaid school premises, made specified alterations in the building, and are threatening to do so again; and if they are permitted to further alter and change the school building, so that it may be used for church purposes, the plaintiffs and other similarly situated patrons and taxpayers of the school district will be irreparably damaged and the purposes of the trust will be defeated. By an injunction to prevent further wrongful interferences with the property involved, a multiplicity of actions will be avoided. The Cobb County Board of Education, on April 3, 1951—after being incorrectly advised by the trustees of the Vinings Methodist Church that they had legally acquired the subject property, or title thereto, from the trustees of the Vinings School District, and that the citizens and patrons of the school district wanted the Vinings Methodist Church to have the property—adopted a resolution which in substance stated that the property in question had been abandoned by it for all school purposes, and was no longer needed by the board for such purposes, since the board had provided and would continue to provide other and different educational facilities for that particular school district. By the resolution, so adopted, the board accepted an offer of $500 from the trustees of the Vinings Methodist Church for the property in question, and authorized its president to convey it by quitclaim deed to the trustees of said church; and that was accordingly done. Both deeds to the trustees of the Vinings Methodist Church are null and void, have been recorded, and are a cloud upon the title which Mrs. Thornton and Mrs. Kennedy conveyed to the trustees of the Vinings School District

for the use and benefit of its school patrons and taxpayers, and should for that reason be canceled. By an amendment to each count of the petition, the plaintiffs further allege that they, and others similarly situated, are in possession of the property involved and are using it for school purposes.

Count 1 of the petition prayed: (1) for a rule nisi and process; (2) that the church trustees be required to deliver up the two deeds complained of, and that they be declared null and void and canceled as a cloud upon the title conveyed by Mrs. Thornton and Mrs. Kennedy to the trustees of the Vinings School District for school purposes; (3) that the church trustees be temporarily restrained and permanently enjoined from altering or changing in any way the school building on the premises involved, or from interfering in any way with the use of it for school purposes; and (4) for general relief. Besides for a rule nisi, process, and general relief, count 2 of the petition prayed: that it be decreed that the church trustees, as purchasers from the school trustees with actual and constructive notice of the trust, hold said property as trustees for the taxpayers and school patrons of the Vinings School District; that the court select and appoint, in the manner and way provided by law, new trustees to hold and manage said property as successors to those wrongfully serving as such; and that the church trustees be temporarily restrained and permanently enjoined from altering or changing the school building or interfering in any way with the use of it for school purposes.

The defendants interposed general and special demurrers to each count of the petition. The trial judge sustained the grounds of general demurrer and dismissed the petition, but the special demurrers were not passed on. The plaintiffs excepted. The several grounds of general demurrer, and the questions raised thereby, will be shown and dealt with in the opinion.

1. Measured by the rules announced in *Dominy* v. *Stanley*, 162 *Ga.* 211 (133 S. E. 245), the facts alleged in the petition, as amended, which are fully set out in the preceding statement of the case, show without any doubt that a charitable trust for educational purposes was created by the deed from Mrs. Thornton and Mrs. Kennedy to the trustees of the Vinings School District; and that these plaintiffs, as two of the beneficiaries of

the trust, had a right to institute and maintain this litigation for the protection of the trust property. See also, in this connection, *Harris* v. *Brown*, 124 *Ga.* 310 (52 S. E. 610); *Harris* v. *Bandy*, 182 *Ga.* 844 (187 S. E. 99).

(a) The motion to review and overrule *Dominy* v. *Stanley*, supra, is expressly denied.

2. In this case, as the amended petition affirmatively shows, the trustees in whom the legal title to the land in question was vested were not invested with a power of sale by the deed creating the trust; and under Code § 108-408 a trustee in whom is vested the legal title to land, but to whom the deed gives no power of sale, can not, without an order of court, sell such land without the consent of all the beneficiaries. *Burwell* v. *Farmers & Merchants Bank*, 119 *Ga.* 633 (46 S. E. 885).

3. Pursuant to Article 8, Section 5, Paragraph 1 of the Constitution of 1945, the legislature passed an act, which was approved on February 1, 1946 (Ga. L. 1946, p. 206), abolishing all local school districts in the several counties of this State, except independent school districts; merging them into one school district for each county; and providing for the management, operation, and control of them by the county board of education of each respective county. *Nelms* v. *Stephens County School District*, 201 *Ga.* 274 (39 S. E. 2d, 651). By the cited act of 1946, all property held in any capacity for school purposes by the trustees of any local school district passed by operation of law to and became vested in the county board of education. *Board of Educ. of Paulding County* v. *Gray*, 203 *Ga.* 583 (47 S. E. 2d, 508). Consequently, the former trustees of the abolished Vinings School District, a local school district, had no title of any character in or to the property in question at the time they attempted to convey it by private sale to the trustees of the Vinings Methodist Church. In these circumstances it, of course, necessarily follows that their deed passed no title to the property; it was an act on their part which they were wholly unauthorized to perform.

4. All of the several county boards of education of this State "are invested with the title, care, and custody of all schoolhouses or other [school] property, with power to control the same in such manner as they think will best serve the interests of the

common schools; and when, in the opinion of the board, any schoolhouse site has become unnecessary or inconvenient, they may sell the same in the name of the county board of education; such conveyance to be executed by the president or secretary of the board, according to the order of the board." Code (Ann. Supp.), § 32-909. Consequently and pursuant to this, a county board of education has power to and may sell at private sale any schoolhouse property for which it has absolute title when the board finds and by resolution declares that the same is not necessary or convenient for school purposes. But the board has no power or authority under this or any other provision of our law to sell any property which has been conveyed to and accepted by it, or its predecessor in title, in trust for educational purposes, as in this case, except in the manner and way provided for by Code §§ 108-408 and 108-409, which is at public sale after proper leave to sell has been obtained from the superior court. *Dominy* v. *Stanley*, supra. Accordingly, we hold in this case that the Cobb County Board of Education had no power and was wholly unauthorized to sell the property here involved at private sale; and, this being true, its deed passed no title therefor to the purchaser.

5. The proceeding quia timet is sustained in equity for the purpose of causing to be delivered up and canceled any instrument which casts a cloud over the complainant's title or otherwise subjects him to future liability or present annoyance, and the cancellation of which is necessary for his perfect protection. Code, § 37-1407; *Crowley* v. *Calhoun*, 161 *Ga.* 354 (130 S. E. 563). The principle upon which equity will lend its aid to remove a cloud upon title is, that one in the rightful possession of property is entitled to the full, quiet, and peaceful enjoyment of the same, without present annoyance and harassment or threatened molestation. *McMullen* v. *Cooper*, 125 *Ga.* 435 (54 S. E. 97); *Greenwood* v. *Starr*, 174 *Ga.* 503 (1) (163 S. E. 500). The courts, both of England and of this country, concur in the view that one seeking such aid from a court of equity should affirmatively show: (1) that he cannot immediately or effectually maintain or protect his rights by any other course of procedure open to him; (2) that the instrument sought to be canceled is such as would operate to throw a cloud or suspicion upon his

title, and might be vexatiously or injuriously used against him; and (3) that he either suffers some present injury by reason of a hostile claim or, though such claim be not asserted adversely or aggressively, he has reason to apprehend that the evidence upon which he relies to impeach or invalidate the same as a cloud upon his title may be lost or impaired by lapse of time. In the instant case the amended petition alleges that the beneficiaries of the trust estate are rightfully in possession of the property involved, and that their right to the full, quiet, and peaceful enjoyment of the same is being constantly interfered with by those who claim a right to do so in virtue of the two deeds sought to be canceled.

6. The allegations of the amended petition, as we view them, are amply sufficient to show not only a trespass on the trust property, but a continuing one, and equity will, by injunction, repress a continuing trespass. *Wall* v. *Mercer,* 119 *Ga.* 346 (46 S. E. 420) ; *Gainesville Midland R. Co.* v. *Tyner,* 204 *Ga.* 535 (50 S. E. 2d, 108) ; *Key* v. *Stringer,* 204 *Ga.* 869 (52 S. E. 2d, 305).

7. The remaining question raised by the demurrer involves the right of the plaintiffs to maintain this litigation against the board of education and its individual members. It is alleged and argued that the right to bring an action against them does not exist. As to them no affirmative relief is sought, and they are parties only because the petition prays for the cancellation of a quitclaim deed which the board, through its several members, executed and delivered to the trustees of the Vinings Methodist Church. Concededly, the board of education is not a body corporate with authority to sue and be sued, in the ordinary sense. *Mattox* v. *Board of Education of Liberty County,* 148 *Ga.* 577 (97 S. E. 532, 5 A.L.R. 568). But Cobb County is a public corporation. Code (Ann. Supp.), § 2-7801; *Smith* v. *Board of Education of Washington County,* 153 *Ga.* 758 (113 S. E. 147). It acts through its officers and agents. In matters pertaining to education, it acts through its board of education. When the board of education acts upon matters lawfully within its jurisdiction, it is the county acting through its corporate authority, and a county is not liable to suit for any cause of action unless made so by statute. Code, § 23-1502; *Hammond*

v. County of Richmond, 72 Ga. 188. But when the board of education, through its members, acts beyond the scope of its lawful jurisdiction and commits an actionable wrong, the act so committed is not "county action," and in such a case a suit may be maintained in the courts of this State against the wrong-doers.

It follows from what has been said in the several divisions of this opinion that the judgment sustaining the general demurrer to the petition, as amended, is erroneous.

*Judgment reversed. All the Justices concur.*