41893. MAYOR &c. OF MILLEDGEVILLE v.
CRANFORD, Administratrix.

ARGUED APRIL 5, 1966—DECIDED APRIL 14, 1966—
REHEARING DENIED MAY 2, 1966—

G. L. Dickens, Jr., Frank W. Armstrong, III, for appellant.

Robert H. Herndon, J. A. Gilmore, for appellee.

NICHOLS, Presiding Judge. The "lost deed" sought to be established was a warranty deed to the streets lying within and adjacent to lands of L. S. Holsenbeck in the City of Milledgeville, and upon first examination of the record it appeared that the plaintiffs had failed to carry the burden of proving the existence of the lost deed where no authority for the execution of such deed was proved (resolution, etc., of the Mayor & Aldermen of the City of Milledgeville to dispose of such property to L. S. Holsenbeck). However, upon further study and additional research it appears that the case was properly proved and that the trial court did not err in overruling the defendant's motion for new trial and motion for a judgment notwithstanding the verdict. In an Act approved August 14, 1909 (Ga. L. 1909, p. 1181), the General Assembly granted to the Mayor & Aldermen of the City of Milledgeville authority to sell and convey any portion of the streets, lanes, alleys and sidewalks of said city. And under the decision of the Supreme Court in *Mayor &c. of Macon v. Dasher*, 90 Ga. 195 (4) (16 SE 75), "a deed regular on its face, executed by the mayor, attested by the town clerk and sealed with the corporate seal, would be the deed of the corporation itself, executed not by its agent or attorney in fact, but by its

own corporate head and hand, the mayor, he for this purpose not being a distinct person, but a part of the corporate body. A resolution of the mayor and council authorizing him 'to issue deeds to the property' would not constitute a necessary part of the purchaser's muniments of title, inasmuch as the deed, being regular on its face and executed under the corporate seal by the appropriate officer, would be presumed to be made in pursuance of the statutory power of sale, and it would be unnecessary for a party claiming under it to produce the resolution. 2 Dillon Mun. (4th Ed.) § 581; 1 Devlin on Deeds, § 348." See also *Acme Brewing Co. v. Central R. & Bkg. Co.*, 115 Ga. 494 (42 SE 8).

The evidence adduced on the trial of the case to show that the deed was so executed was that it bore the signatures of the mayor and clerk and contained a "seal" below the signatures of these officers on the right side of the paper. Such evidence as to the seal, though in the realm of circumstantial evidence, was sufficient to authorize the finding that the alleged lost deed was executed by the mayor, attested by the clerk and had affixed thereto the corporate seal. Therefore, the absence of the bylaw or resolution authorizing such conveyance would not adversely affect the plaintiffs' case, and under the decision of the Supreme Court in *Sharp v. Autry*, 185 Ga. 160 (194 SE 194), the evidence adduced upon the trial was sufficient to authorize the verdict for the plaintiffs and the trial court did not err in overruling the defendant's motion for judgment notwithstanding the verdict or for a new trial in the alternative.

*Judgment affirmed. Hall and Deen, JJ., concur.*