### 23562. WALKER v. DEVINNEY.

CANDLER, Presiding Justice. Henry Scott Walker was indicted in Fayette County at the September term 1964. The indictment alleges in substance that he, on May 4, 1964, offered to pay Hugh Stinchcomb, the Sheriff of Fayette County, 25 cents on each gallon of intoxicating liquors, alcoholic liquors and alcoholic beverages which Stinchcomb, as sheriff, would allow him to distill, manufacture and make in that county without his interference, by his consent and under his protection. He entered a plea of guilty to the offense charged on September 21, 1964, and was sentenced to serve a prison term of 3 years. On March 29, 1966, he brought habeas corpus against J. H. Devinney, Warden of the Georgia Training and Development Center at Buford, alleging that he was being illegally detained under such sentence. His habeas corpus petition alleges that the indictment against him charges only a misdemeanor and that a three-year prison sentence was therefore illegal and void. On the hearing, it was stipulated that the sentence imposed on him was not illegal and void if the offense for which he was indicted authorizes a three-year prison term. The court found that the three-year sentence was valid and remanded him to the custody of the warden. The appeal is from that judgment. *Held:*

An Act approved March 10, 1964 (Ga. L. 1964, pp. 261, 267) provides: "Whoever promises, offers or gives any money or thing of value . . . to any officer or employee or person acting for or on behalf of a political subdivision, municipal

or other public corporation, or other public organization of the State of Georgia, or agency thereof . . . to induce him to do or omit to do any act in violation of his lawful duty, shall be guilty of a felony, and upon conviction shall be punished by imprisonment in the penitentiary for not less than one year nor more than five years."

The Sheriff of Fayette County is an officer of a political subdivision of this State (*Smith v. Board of Educ. of Washington County*, 153 Ga. 758 (113 SE 147); *Hines v. Etheridge*, 173 Ga. 870 (163 SE 113); *Duffee v. Jones*, 208 Ga. 639 (68 SE2d 699)) and under the provisions of the 1964 Act, the three-year prison sentence imposed upon applicant for the offense to which he plead guilty was valid and the court did not err in remanding applicant to the custody of the respondent.

*Judgment affirmed. All the Justices concur.*

ARGUED JUNE 14, 1966—DECIDED JUNE 23, 1966.

*James I. Parker, Forrest C. Oates, Jr.*, for appellant.

*Arthur K. Bolton, Attorney General, Carter A. Setliff, Assistant Attorney General, Charles B. Merrill, Jr.*, for appellee.