S95A1273. WILCOX COUNTY SCHOOL DISTRICT et al.
v. SUTTON et al.
(461 SE2d 868)

BENHAM, Chief Justice.

Reacting to a school construction plan which included the demolition of an existing school building, a group of residents and taxpayers of Wilcox County, some of whom are also residents and taxpayers of the City of Rochelle, brought suit against the Wilcox County School District, the Superintendent of the Wilcox County schools, the members of the Wilcox School Board and the School Board itself, and the contractor chosen to demolish the building (hereinafter collectively "School District"). The goals of the action were twofold: an injunction against the demolition; and a declaration that the property on which the building stands, part of the campus of Wilcox County's consolidated school, located within the City of Rochelle, has reverted to the City of Rochelle. The latter claim is based on a clause in the deed by which the property was conveyed by the City to the Wilcox County Board of Education in 1950, providing that the property would revert to the City "if said property is abandoned for school purposes." The trial court granted the injunction and set aside the contract for the demolition, which was framed as a sale of the building, holding that the property was held in trust by the School District, making superior court approval necessary before any of the property could be conveyed. The trial court held for a jury trial the question of whether the property had been abandoned for school purposes so as to trigger the reverter in the deed. As is explained below, we conclude that the property was never held in trust and that the evidence does not create a jury question on the issue of abandonment. In accordance with those conclusions, we reverse the trial court's judgment.

1. Based on evidence adduced at a hearing, the trial court made the following findings. The property on which the building is located was deeded by an individual named McCrimmon to the City of Rochelle in 1900 by means of a deed containing the provision that the City was to hold the property in fee simple "for the purpose of erecting and maintaining thereon a public school building. . . ." To administer the property, the City established the Trustees of the Rochelle Consolidated School District, which body issued bonds and built the building now at issue.

Based on those findings, the trial court first concluded that the McCrimmon deed of 1900 created a charitable express trust. Next,

the trial court noted that the Georgia Constitution of 1945, Art. VIII, Sec. V, Par. I, merged all local school districts within a county into one, and that the General Assembly enacted legislation, Ga. L. 1946, p. 206, providing for the transfer to the county boards of education of all property held by the trustees of abolished local school districts. Citing this Court's decisions in *Duffee v. Jones,* 208 Ga. 639 (68 SE2d 699) (1952), and *Veal v. Smith,* 221 Ga. 712 (146 SE2d 751) (1966), to the effect that county school boards took such property as successor trustees, the trial court further concluded that the School District now holds the property in trust and has, therefore, no authority to dispose of it without approval by a superior court pursuant to OCGA § 53-12-257. Since the School District took the property with the building already in existence, the trial court held that the building was a fixture and, thus, constituted a part of the real estate and could not be sold without the court's approval.

The flaw in the trial court's reasoning is with the first conclusion, that the 1900 deed from McCrimmon created a trust. That deed made no reference to a trust or to trustees and expressed no intent that a trust be established. It merely conveyed the property to the City and specified the purpose for which it was being conveyed. Appellees' reliance on *Duffee v. Jones,* supra, and *Dominy v. Stanley,* 162 Ga. 211 (133 SE 245) (1926), is misplaced:

In the *Dominy* and *Duffee* cases the conveyances were to trustees, and their successors in office, and the conveyances clearly evidenced the intention of the grantors that the trustees should not hold the property for their own benefit, but that the property should be held by the trustees, and their successors in office, for school purposes.

*Moore v. Wells,* 212 Ga. 446, 452 (93 SE2d 731) (1956). The deed in the present case is like that in *Moore*: ". . . no trustees are named; no trust is declared; no beneficiaries are named; and the requisites of a trust are not otherwise indicated." Id. In this case, as was the situation in *Moore,* no trust was created and the trial court's holding to the contrary, and its resulting conclusion that the superior court would have supervisory power over the property, was error.

2. With regard to the plaintiffs' prayer for a judgment declaring that the property conveyed to the school board by the City in 1950 had reverted to the City because the property has been "abandoned for school purposes," the trial court held that there was a question of fact for jury determination. Our review of the record leads us to a contrary conclusion. The uncontradicted testimony at trial with regard to the school board's intention regarding the tract of land at issue was that it was presently being used for school purposes and

would continue to be so used. Plaintiffs took the position that use of the property for school purposes could only mean use of the existing structure, and their claim of abandonment was based solely on the disuse of the building and the plan for its demolition. In the context of a deed such as is being considered here, "school purposes" means "any activity that is necessary in the proper maintenance and operation of a school under our present school system. . . ." *Bd. of Ed. of Appling County v. Hunter*, 190 Ga. 767 (2) (10 SE2d 749) (1940). Evidence adduced at the hearing established without dispute that the land on which the old school building is located has been and continues to be part of the campus of the consolidated county school complex. The trial court's holding that there is a question for jury trial was error because the evidence demands the conclusion that the property has not been "abandoned for school purposes."

This Court held in *Bedingfield v. Parkerson*, 212 Ga. 654 (1) (94 SE2d 714) (1956), that the Georgia Constitution vests

> authority to manage and control county schools in the county board of education. . . . Any challenge of acts of the county board relating to control and operation of schools must be weighed in the light of this sweeping power, which clearly manifests an intent to entrust the schools to the boards of education rather than the courts.

See Ga. Const. 1983, Art. VII, Sec. V, Pars. I & II. In the absence of evidence that a board of education's decisions violate the law or constitute such a gross abuse of discretion as to be a violation of the law, courts are not empowered to intervene in the affairs of the school system. *Powell v. Studstill*, 264 Ga. 109 (8) (441 SE2d 52) (1994). No such evidence was presented in this case, and the trial court erred in failing to enter judgment for the School District.

*Judgment reversed. All the Justices concur.*

DECIDED SEPTEMBER 25, 1995 —
RECONSIDERATION DENIED OCTOBER 16, 1995.

*Harben & Hartley, Phillip L. Hartley, Martha M. Pearson,* for appellants.

*Mills & Chasteen, Ben B. Mills, Jr., Lee W. Oxendine,* for appellees.