A00A1841. WARREN et al. v. BOARD OF REGENTS OF THE UNIVERSITY SYSTEM OF GEORGIA et al.
(544 SE2d 190)

MILLER, Judge.

Plaintiff-appellants Carl S. Warren and Earl Davis[1] contributed money to a charitable trust establishing the Herbert E. Miller Chair in Financial Accounting, an endowed chair in the Terry College of Business at the University of Georgia. They subsequently sued the Board of Regents of the University System of Georgia, the University of Georgia Foundation, and Russell Barefield as the Director of the J. M. Tull School of Accounting at the University of Georgia, alleging a

---

breach of fiduciary duty under the terms of the trust. In essence, plaintiffs claimed the Miller Chair was harmed when Barefield, allegedly ignoring both appointment criteria under the trust and university hiring procedures, named an unqualified, non-Certified Public Accountant personal friend as the first holder of the Miller Chair in Financial Accounting and caused more than $135,000 to be improperly paid to that holder between 1992 until his resignation in 1996. Plaintiffs prayed for an accounting, the return to the trust of all money paid to the chairholder, and the disqualification of Barefield as administrator or trustee.

Defendants admitted the chronology while denying the material allegations regarding breach of fiduciary duty and immediately moved to dismiss the complaint. The trial court granted these collective motions, concluding that standing to enforce the terms of the charitable Miller Trust is granted exclusively to the Attorney General under OCGA § 53-12-115. The trial court further determined that there was no just reason for delay and made the dismissal final under OCGA § 9-11-54 (b).[2]

Plaintiffs appealed directly to the Supreme Court of Georgia, which transferred the case to the Court of Appeals.[3] They contend dismissal was erroneous because they have a special interest that confers standing to enforce the trust and because the Attorney General ought to be disqualified. We affirm the dismissal due to lack of standing.

1. Plaintiffs argue that the Attorney General is not the only entity authorized to bring suit to enforce the terms of a charitable trust where the plaintiffs have a special interest.

It is undisputed that the Miller Trust is a charitable trust, in that it promotes human civilization through the advancement of education by paying a salary supplement to the holder of the endowed chair.[4] Since 1952, Georgia law has provided,

[i]n *all cases* in which the rights of beneficiaries under a charitable trust are involved, the Attorney General . . . *shall represent* the interests of the beneficiaries and the interests of this state as parens patriae *in all legal matters*

---

[2] Barefield's counterclaim for libel, based on contentions that Smith is highly regarded as an effective educator in the field of accounting although not a CPA remains in the trial court pending the outcome of court-ordered mediation.

[3] *Warren v. Bd. of Regents &c. of Ga.*, 272 Ga. 142 (527 SE2d 563) (2000).

[4] See OCGA § 53-12-110, itemizing proper subjects of charity. "As was stated in *Newsome v. Starke*, 46 Ga. 88, 92 [(1872)], this section 'almost copies the statute of 43d Elizabeth,' — otherwise known as the statute of charitable uses, enacted by the English Parliament in the year 1601." (Citation omitted.) *Goree v. Ga. Indus. Home*, 187 Ga. 368, 373 (200 SE 684) (1938).

pertaining to the administration and disposition of such trust.[5]

Scott's treatise on trusts explains:

It is frequently said in the cases that the Attorney General alone has [the] power to maintain suits for the enforcement of charitable trusts. This, however, is not strictly true. It is clear, for example, that where there are several trustees, one of them may maintain an action against the others to enforce the trust or to compel the redress of a breach of trust.[6]

In such a case, or where suit is brought by others to invalidate a charitable trust, the Attorney General is a necessary party.[7] The language of OCGA § 53-12-115 does not address "special interests" and does not forbid co-trustees from bringing suit to enforce a charitable trust. Nor does that Code section expressly make the Attorney General (or district attorney) the sole or exclusive representative of the beneficiaries.[8] Its mandatory language clearly makes that officer the primary or presumptive representative and so a necessary party.[9] We note that the Restatement provides:

A suit can be maintained for the enforcement of a charitable trust by the Attorney General or other public officer, or by a co-trustee, or by a person who has a *special interest* in the enforcement of the charitable trust, but not by persons who have no special interest or by the settlor or his heirs, personal representatives or next of kin.[10]

The Restatement is consistent with Georgia law allowing certain individuals who have a special interest in a charitable trust to maintain an action to enforce its provisions.[11] Since the General Assembly

---

[5] (Emphasis supplied.) OCGA § 53-12-115, originally enacted as Code Ann. § 108-212 by Ga. L. 1952, pp. 121, 122, § 1; repealed and superseded by Ga. L. 1962, p. 527, which added the district attorney of the circuit as an alternative representative of the beneficiaries.

[6] IVA Scott on Trusts (4th ed. 1989), pp. 364-365, § 391, fn. 22 and accompanying text.

[7] Id. at p. 365, fn. 24 and accompanying text.

[8] Compare OCGA § 53-12-116 (c), authorizing the Revenue Commissioner to supervise the administration of charitable trusts.

[9] See IVA Scott, supra, pp. 360-361, § 391, fns. 9-12 and accompanying text (Attorney General is necessary party in proceedings to deviate from trust terms, or to apply cy pres doctrine, or to terminate a charitable trust, or to approve a compromise).

[10] (Emphasis supplied.) Restatement 2d, Trusts, pp. 278-279, § 391 (1959).

[11] *Harris v. Brown*, 124 Ga. 310, 311, hn. 6 (52 SE 610) (1905). Accord *Duffee v. Jones*, 208 Ga. 639, 642-643 (1) (68 SE2d 699) (1952); *Harris v. Bandy*, 182 Ga. 844, 847 (3) (a) (187 SE 99) (1936), overruled on other grounds, *Peoples Loan Co. v. Allen*, 199 Ga. 537, 565-566 (2) (34 SE2d 811) (1945); *Dominy v. Stanley*, 162 Ga. 211 (1) (133 SE 245) (1926).

is presumed to enact legislation with full knowledge of the existing condition of the law, including decisions by the courts,[12] we conclude that the 1952 act as amended does not make the Attorney General (or district attorney) the exclusive entity authorized to initiate a suit to enforce a charitable trust, where individuals can demonstrate a special interest.[13]

2. Nevertheless, we conclude that plaintiffs, either as contributors to the trust or as faculty members who might be eligible to be named to the Miller Chair, fail to demonstrate that special interest.

> The rule is settled that an individual member of the public has no right, as such, to maintain a suit to enforce or administer a benevolent or charitable trust. While a person having a special interest is sometimes permitted to maintain a suit to enforce a charitable trust, the mere possibility that one may be a beneficiary of a charitable trust does not give him standing to maintain a suit to enforce the trust. Thus, those who can enjoy the status of beneficiaries *only when selected by the trustees* are generally held to have no right to initiate a suit for the enforcement of a charitable trust. The reason is that if any third person were permitted to sue as a matter of right it would . . . subject the charity to harassing litigation.[14]

Similarly, the comments to the Restatement confirm that "[t]he mere fact that a person is a possible beneficiary is not sufficient to entitle him to maintain a suit for the enforcement of a charitable trust."[15] To authorize an individual to enforce a charitable trust in Georgia, the plaintiff must have some pecuniary interest in it or show that she is a beneficiary or else show in some way she may avail herself of its educational advantages.[16]

A charitable trust for the promotion of education may provide that particular persons shall be entitled to a preference to benefits

---

[12] *Chrysler Corp. v. Batten*, 264 Ga. 723, 727 (4) (450 SE2d 208) (1994).

[13] In *Duffee v. Jones*, supra, 208 Ga. at 643 (1) (a), decided January 16, 1952, the Supreme Court expressly denied a motion to review and overrule *Dominy v. Stanley*, supra, 162 Ga. at 211. Former Code Ann. § 108-212 was approved by the General Assembly on February 13, 1952. See also *Miller v. Alderhold*, 228 Ga. 65, 69 (3) (184 SE2d 172) (1971), where the Supreme Court of Georgia held that a student attending a private college has no standing to challenge the acts of trustees or others in the operation and management of the college. Two justices joined the special concurrence of Justice Grice, who opined that, since that case did not present a situation involving a "special interest" group, the type of statute represented by former Code Ann. § 108-212, now OCGA § 53-12-115, "does not apply, according to some . . . authorities." Id. at 72.

[14] (Footnotes omitted; emphasis supplied.) 18 NYJur2d, Charities (1999), § 40.

[15] Restatement 2d, Trusts, p. 279, § 391, comment c.

[16] *Harris v. Brown*, supra, 124 Ga. at 316 (5).

under the trust, in which case any such person can maintain an enforcement suit.[17] But the selection criteria of the trust agreement in this case do not identify either plaintiff, by name, position, or association, as a member of a class of potential beneficiaries entitled to a preference. Indeed, the trust specifies that the "first chairholder will be a new appointee to the University of Georgia faculty," thus excluding a current or former faculty member. Plaintiffs have no standing to enforce this charitable trust by virtue of their positions as faculty members arguably eligible to be selected by Barefield to hold the Miller Chair.

3. A suit for the enforcement of a charitable trust cannot be maintained by the settlor or his heirs or personal representative as such.[18] Thus, the fact that they contributed money to the trust does not confer upon plaintiffs any "special interest" in the enforcement of the trust that the Attorney General cannot adequately represent. The trial court did not err in failing to rule that plaintiffs had standing on these bases.

4. The second enumeration contends the Attorney General should be disqualified as the representative of the beneficiaries because he also represents the Board of Regents. In our view, this contention is without merit.

Under the Disciplinary Standards of the State Bar of Georgia, the term "client" does not include a public agency when represented by a full-time public official,[19] such as the Attorney General. Nothing in the Code of Professional Responsibility prohibits a full-time public lawyer, representing this State or its agencies, from taking a position adverse to the State, its agencies or officials, when such action is authorized or required by the Constitution or statutes of this State.[20] Moreover, the remedy for a conflict of interest is to involve the district attorney or appoint a Special Assistant Attorney General. Such conflict certainly would not mandate that persons with no "special interest" (such as plaintiffs here) be granted standing to enforce a charitable trust.

---

[17] Restatement 2d, Trusts, pp. 279-280. Accord IVA Scott, supra at p. 366, § 391 (where trust endows a professional chair at an educational institute, the incumbent of the chair, for the time being, has a special interest in the performance of the trust and can maintain an enforcement suit).

[18] Restatement 2d, Trusts, p. 280, § 391, comment e. Compare *Argyle Realty Co. v. Cobb County School Dist.*, 259 Ga. 654 (386 SE2d 161) (1989) (grantor may sue grantee to enforce covenants). Generally, where the settlor or donor of property transfers it inter vivos to trustees for charitable purposes, he cannot revoke the trust unless he has reserved the power of revocation. IVA Scott, supra at p. 115, § 367.1. Unless the trust fails and the doctrine of cy pres is not applicable, neither the settlor nor his heirs or personal representative can compel the trustees to reconvey the property to them. Id. at 116.

[19] Rule 4-102 (d) of the State Bar of Georgia, Standard 69.

[20] Id., Standard 70.

*Judgment affirmed. Pope, P. J., and Mikell, J., concur.*

DECIDED JANUARY 3, 2001 —
RECONSIDERATION DENIED FEBRUARY 1, 2001 —

J. Hue Henry, Christopher L. Casey, for appellants.

Thurbert E. Baker, Attorney General, Daniel M. Formby, Senior Assistant Attorney General, John B. Ballard, Jr., Oscar B. Fears III, Assistant Attorneys General, Powell, Goldstein, Frazer & Murphy, James C. Rawls, King & Spalding, Floyd C. Newton III, Michael R. Smith, Letitia M. Brown, Casey, Gilson, Williams & Shingler, George P. Shingler, Karen R. Dunbar, Mayer & Beal, Randolph A. Mayer, for appellees.